

IN RE S.B.

[Cite as *In re S.B.*, 121 Ohio St.3d 279, 2009-Ohio-507.]

(No. 2007–1751—Submitted October 1, 2008—Decided February 11, 2009.)

CUPP, J.

{¶ 1} In this case, we are asked to decide whether a delinquency charge filed against appellant under R.C. 2152.02(F) violated her right to due process. For the reasons that follow, we hold that her right to due process was not violated, and we affirm the judgment of the court of appeals.

**Facts and Procedural History**

{¶ 2} Appellant, S.B., is a juvenile who, in a directly related case, was adjudicated delinquent for obstructing official business and disorderly conduct. As part of its adjudication order, the trial court placed certain behavioral conditions on appellant, including that she exhibit good behavior at both school and home. She subsequently violated those orders by leaving home for extended periods without parental permission. As a result, a new complaint of delinquency was filed, this time under R.C. 2152.02(F)(2), which provides that a child who violates a court order is a delinquent child. Appellant pleaded true to the complaint, and the trial court imposed additional conditions on her, including community control, community service, and a curfew. Appellant once again failed to comply with the court's order by leaving home without parental permission. As a consequence, she was charged a third time with being a delinquent child. The third charge, like the second, was filed under R.C. 2152.02(F)(2), and it is the subject of this appeal.

{¶ 3} Appellant filed a motion to dismiss the (third) delinquency charge as a violation of her right to due process. The trial court denied the motion. Appellant subsequently pleaded true to the charge and was adjudicated delinquent. The court of appeals affirmed, and the cause is now before this court under our discretionary-review jurisdiction.

## Analysis

{¶ 4} Appellant's two propositions of law assert essentially the same basic challenge: the charge of delinquency filed against her under R.C. 2152.02(F)(2) for violating the prior court order violated her due process rights. Her due process challenge is rooted in several theories. The first is that R.C. 2152.02(F)(2) merely defines a "status offense"[1] and not a crime; therefore, she cannot be found to be a delinquent child under that section.

{¶ 5} R.C. 2152.02 provides:

{¶ 6} "(F) 'Delinquent child' includes any of the following:

{¶ 7} " * * *

{¶ 8} "(2) Any child who violates any lawful order of the court made under this chapter or under Chapter 2151. of the Revised Code other than an order issued under section 2151.87 of the Revised Code."

{¶ 9} One of appellant's assertions is that R.C. 2152.02(F)(2) is merely a definitional section that does not state a crime and, consequently, does not authorize the filing of a delinquency charge or an adjudication of delinquency. Appellant contends that the charge filed under this section therefore violated due process.

{¶ 10} Juvenile delinquency proceedings are civil, not criminal, proceedings. *In re Anderson* (2001), 92 Ohio St.3d 63, 66, 748 N.E.2d 67. However, due process protections still apply. Id.; see also *Schall v. Martin* (1984), 467 U.S. 253, 263, 104 S.Ct. 2403, 81 L.Ed.2d 207 ("There is no doubt that the Due Process Clause is applicable in juvenile proceedings"). The precise inquiry for this case is: Was appellant afforded due process?

{¶ 11} We note first that although R.C. 2152.02(F)(2) is not in the same form as criminal statutes applicable to adults, that does not mean that the statute does not clearly prohibit certain conduct or that the juvenile is not aware of the consequences of engaging in that prohibited conduct. R.C. 2152.02(F)(2) provides that if a child violates a lawful order of the court, the child may be adjudicated a delinquent child. This requires volitional conduct on the part of the child. Thus, this section is both definitional and proscriptive because it defines delinquency in terms of the conduct that it prohibits—violating a court order. A juvenile may, therefore, be validly charged with a violation of this statutory provision.

{¶ 12} Moreover, appellant was given written notice of the charge against her, she was represented by counsel throughout the proceedings, and the state was required to prove the charge beyond a reasonable doubt. See *In re Winship*

---

1. A status offense is an "act that would not be considered illegal if an adult did it, but that indicates that the minor is beyond parental control." Black's Law Dictionary (8th Ed.2004) 1112.

(1970), 397 U.S. 358, 368, 90 S.Ct. 1068, 25 L.E.2d 368 (the constitutional safeguard of proof beyond a reasonable doubt is required for juvenile adjudications of delinquency). Appellant chose to waive the right to trial, and she pleaded true to the charge. From these facts, we conclude that appellant was afforded all the process that was due under the Constitution. Thus, appellant has failed to demonstrate a constitutional violation.

{¶ 13} Appellant's other main contention is that the purpose of R.C. 2152.02(F) is to enable juvenile courts to better govern repeat status offenders who refuse to cooperate with the juvenile court, which, she argues, is a category in which she does not fit. For support, appellant points to the dissenting opinion in *In re Trent* (1989), 43 Ohio St.3d 607, 539 N.E.2d 630. *Trent* was dismissed by this court as having been improvidently allowed. In a dissent joined by two other justices, Justice Wright suggested that the court should have resolved the issue of under what circumstances a status offender can be adjudicated a delinquent child.

{¶ 14} We recognize the concern expressed by the dissenting opinion in *Trent* that some unruly juveniles could be found delinquent for noncriminal behavior. However, the facts of this case distinguish it from *Trent*. Appellant herein was not merely a status offender. She was originally adjudicated delinquent for obstructing official business and for disorderly conduct, which is conduct that would be criminal if committed by an adult. Therefore, this is not a case in which an unruly child was deemed delinquent despite a lack of criminal activity. *Trent*, 43 Ohio St.3d at 609, 539 N.E.2d 630. Moreover, even the dissent in *Trent* acknowledged that a "violation of a court order may be the basis for a finding of delinquency." Id., citing former R.C. 2151.02(B), Am.Sub.H.B. No. 320, 133 Ohio Laws, Part II, 2040, 2043, 2044, the predecessor to R.C. 2152.02(F). Moreover, appellant violated multiple court-ordered conditions. This, at least arguably, placed her into the category of those who consistently ignore court dispositions. This is a category that even appellant acknowledges fits within the purpose of the statutory delinquency provision. Thus, appellant's reliance on *Trent* is misplaced.

{¶ 15} Appellant's contentions in this regard are essentially policy-based arguments. These policy arguments appear to be the crux of appellant's objections: she argues that she should have been charged with violating probation instead of a new delinquency charge. While it may be a better policy for the state to address a juvenile's nonconforming behavior through probation revocation rather than additional delinquency charges, we find nothing in the Revised Code that requires the state to employ one approach over the other. In this instance, the trial court acted within the express authority granted to it by statute. Because that action was lawful, this court has no grounds to disturb it.

{¶ 16} We do note, however, that the record must be modified. As pointed out by appellant, several trial court documents, including the clerk's docket and the magistrate's orders, refer to the delinquency charge as a misdemeanor of the first degree. In a charge of delinquency, no criminal offense level applies, and any reference to "misdemeanor" or "M1" on those documents is improper. Therefore, it is necessary to remand this matter to the trial court for the purpose of striking from the record all references to "misdemeanor" or "M1" as they pertain to the R.C. 2152.02(F)(2) adjudication.

## Conclusion

{¶ 17} Because we conclude that appellant's due process rights were not violated, we affirm the court of appeals' judgment. This cause is remanded to the trial court, however, to remove from the record all references to misdemeanor charges in relation to the R.C. 2152.02(F)(2) adjudication.

Judgment affirmed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

———————

John D. Ferrero, Stark County Prosecuting Attorney, and Ronald Mark Caldwell and Aaron P. Howell, Assistant Prosecuting Attorneys, for appellee.

Timothy Young, Ohio Public Defender, and Angela Miller, Assistant Public Defender; and Robert G. Abney, Stark County Public Defender, for appellant.