**In re D.L.**

[Cite as *In re D.L.*, 189 Ohio App.3d 154, 2010-Ohio-1888.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–09–019.

Decided April 30, 2010.

156

Andrew R. Bucher, for appellant J.M.

SINGER, Judge.

{¶ 1} This is an accelerated appeal from a judgment issued by the Ottawa County Court of Common Pleas granting a civil protection order against a juvenile. Because we conclude that the court permitted the unauthorized practice of law and that appellant's due process rights as a juvenile were not protected, we reverse.

{¶ 2} Appellant, J.M., and his father, T.O., appeared before the Ottawa County Court of Common Pleas as respondents in a civil-protection-order complaint filed by V.L., on behalf of his son, D.L. The complaint sought a civil stalking order against J.M., then 13 years old, for allegedly physically and verbally accosting and threatening D.L., then 12 years old. A hearing was conducted by a magistrate, and none of the parties were represented by counsel.[1]

{¶ 3} The magistrate informed J.M.'s father that the evidence from the proceedings might be used by the prosecutor's office to file charges against J.M.

---

1. We note that the transcript of the proceedings below was transcribed from an audio recording. At times, it was difficult to determine who was speaking, as certain statements were attributed only to "VOICE." Several "inaudibles" also appeared in the transcript. This time, however, we were able to determine what occurred below.

in the juvenile court. J.M.'s father stated that he wished to proceed without counsel. The magistrate also briefly questioned J.M. about his understanding as to his right to an attorney and stated that criminal charges could result from his participation in the proceedings. J.M. also answered "yes" when asked if he wanted to continue without a lawyer. The magistrate then stated that "the parties are presumed to have, not be lawyers, but to know how to proceed."

{¶ 4} The magistrate then began the hearing by primarily directing questions to the two juveniles. Nevertheless, she later instructed the fathers of each of the juveniles that they could cross-examine each other's child regarding incidents related to the filing of the protective order, which they did. Testimony from the two children revealed that both children had engaged in a physical fight, but only D.L. suffered injuries as a result.

{¶ 5} The magistrate issued a civil protection order against J.M., which provided that while in school, J.M. was to stay at least 20 feet from D.L. and his younger brother. Outside school, the boundary requirement was 500 feet.

{¶ 6} Appellant now appeals from that judgment, arguing the following four assignments of error:

{¶ 7} "I. The minor respondent-appellant was prejudiced when he, a thirteen year old boy, was treated as a pro se litigant by the court and not provided the mandatory protections established by Civil Rule 17(B).

{¶ 8} "II. The minor respondent-appellant was prejudiced, his due process rights violated, and he was entitled to a new trial pursuant to Civil Rule 59 when the trial court conducted the proceedings in violation with [sic] the procedure established for trial by Revised Code 2315.01.

{¶ 9} "III. The minor respondent-appellant was prejudiced when the trial court violated Evid. Rule 614(b) by conducting extensive questioning from the bench while failing to maintain its impartiality.

{¶ 10} "IV. The trial court abused its discretion when it failed to grant minor respondent-appellant relief from judgment in accordance with Civil Rules 60(B)(1) & (5) due to the extraordinary and unusual circumstances resulting from the high amount of irregularity and multiple errors which occurred during the course of the proceeding."

{¶ 11} In his first assignment of error, appellant argues that he did not receive due process protections due to the nature of the proceedings, i.e., a complaint and hearing conducted for the purpose of determining whether to impose a protection order against appellant, a juvenile. We agree.

{¶ 12} Civ.R. 17(B) provides:

■ {¶ 13} "Whenever a minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person." Nevertheless, the representative, unless a licensed attorney, may not act as counsel for the minor. See *In re Unauthorized Practice of Law in Cuyahoga Cty.* (1963), 175 Ohio St. 149, 151, 23 O.O.2d 445, 192 N.E.2d 54 (no one, other than an attorney, may appear in court as a representative of another).

■ {¶ 14} A person's inherent right to proceed pro se in any court pertains only to that person and does not extend to the person's spouse, child, or solely owned corporation. See *State v. Block*, 8th Dist. No. 87488, 2007-Ohio-1979, 2007 WL 1219292, ¶ 4. For example, a durable power of attorney may designate a nonattorney as a person's or corporation's agent and attorney-in-fact to perform certain actions on behalf of that person or corporation. The durable power of attorney does not, however, permit that person to prepare and pursue legal filings and proceedings as an attorney at law. See id. at ¶ 5.

{¶ 15} Furthermore, judges have the ethical duty to prevent the unauthorized practice of law. Prof.Cond.R. 5.5(a), formerly DR 3–101(A). Gov.Bar. R. VII(2)(A) defines the unauthorized practice of law as "[t]he rendering of legal services for another [person] by any person not admitted to practice in Ohio." Therefore, although Civ.R. 17(B) permits a parent to act "on behalf of" his or her minor child, it does not permit a nonattorney parent to act as a lawyer for that child.

■ {¶ 16} In this case, the magistrate permitted and directed the fathers of the two boys to cross-examine the children. Since the fathers are not licensed attorneys, this constituted the unauthorized practice of law and was improper. Because the children were young, we understand the magistrate's concerns about allowing 12– and 13–year–olds to act pro se and cross-examine each other. Nevertheless, the fathers should not have been permitted to cross-examine or act in the capacity of lawyers for their children. Therefore, we conclude that the trial court erred in permitting the fathers to act as the children's attorneys.

{¶ 17} This case also illustrates the troublesome issues inherent in juvenile civil protection orders, which the Ohio legislature has addressed under the newly enacted Shynerra Grant Law.[2] That law, which now permits a juvenile court to issue protective orders against children under 18 years old, becomes effective June 17, 2010. Because of the inherent due process problems, we conclude that the grant of a protective order against the unrepresented juvenile in this case

---

2. Ohio H.B. No. 10 gives exclusive jurisdiction to the juvenile court to grant civil protection orders against minor children under R.C. 2903.214 and domestic-violence protection orders under R.C. 3113.31 when the respondent is a minor.

under the current version of R.C. 2903.214 was improper for the following reasons.

{¶ 18} R.C. 2903.214 provides:

{¶ 19} "(C) A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court."

{¶ 20} The granting of a civil protection order pursuant to R.C. 2903.214 is not the equivalent of finding that the person against whom the order is granted has committed a criminal offense. See *Rieger v. Rieger*, 165 Ohio App.3d 454, 2006-Ohio-482, 847 N.E.2d 9, ¶ 9. Since proceedings involving the determination of whether to grant a protection order are civil, a defendant is generally not entitled to legal representation. See *State ex rel. Jenkins v. Stern* (1987), 33 Ohio St.3d 108, 110, 515 N.E.2d 928 (no generalized right of counsel in civil litigation). The *violation* of the "civil" order, however, is a crime, which may include criminal penalties, including possible incarceration, depending on the circumstances and whether the defendant has violated the orders two or more times. See R.C. 2919.27. Thus, the constitutional protections afforded to a defendant during proceedings involving the violation of a protection order are not available to a defendant in the initial proceeding that created the protection order. See *Toledo v. Lyphout*, 6th Dist. No. L–08–1406, 2009-Ohio-4596, 2009 WL 2855714.

{¶ 21} We note, however, that certain civil actions do invoke a defendant's due process right to appointed counsel. *State ex rel. Jenkins.* For example, constitutional procedural due process requires that one charged with contempt of court has the right to be represented by counsel. *Kuzniak v. Midkiff*, 7th Dist. No. 05 MA 217, 2006-Ohio-6133, 2006 WL 3361387, ¶ 13, citing *Scott v. Scott*, 10th Dist. No. 03AP–411, 2004-Ohio-1405, 2004 WL 557316, at ¶ 31; *Benjamin v. Benjamin* (Dec. 30, 1997), 10th Dist. No. 97APF07–875, 1997 WL 799471; and *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 332, 16 OBR 377, 475 N.E.2d 1284. See also *In re Oliver* (1948), 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682.

{¶ 22} Moreover, in all other cases dealing with children as parties, due process demands that a minor child receive appointed counsel or a guardian to represent him or her: delinquency actions, termination-of-parental-rights cases, and divorce actions when the child's welfare demands protection. Even in juvenile court proceedings, which are civil actions, due process protections still apply. *In re S.B.*, 121 Ohio St.3d 279, 2009-Ohio-507, 903 N.E.2d 1175, ¶ 10, citing *In re Anderson* (2001), 92 Ohio St.3d 63, 66, 748 N.E.2d 67, and *Schall v. Martin* (1984), 467 U.S. 253, 263, 104 S.Ct. 2403, 81 L.Ed.2d 207 (there is "no doubt that the Due Process Clause is applicable in juvenile proceedings").

Consequently, we conclude that a juvenile defendant in a civil-protection-order proceeding that may lead to criminal violations should have the same due process protections that would be provided in the juvenile court. See *In re Brandon M.,* 10th Dist. No. 2009 CA 48, 2009-Ohio-6579, 2009 WL 4810689, ¶ 35 (juvenile facing delinquency proceedings is entitled to due process, as guaranteed by Ohio and United States Constitutions). See also *In re C.S.,* 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 71–73, 79, citing *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.

 {¶ 23} In this case, appellant was not given appointed counsel. We will now examine the issue of whether appellant's due process rights were sufficiently protected. "[A] juvenile may waive his constitutional right to counsel, subject to certain standards * * *, if he is counseled and advised by his parent, custodian, or guardian. If the juvenile is not counseled by his parent, guardian, or custodian and has not consulted with an attorney, he may not waive his right to counsel." *In re C.S.* at ¶ 98. If the juvenile is charged with a serious offense, the waiver of counsel must be made in open court, recorded, and in writing. Id. at ¶ 109. When addressing a juvenile regarding a waiver of counsel, the juvenile court must "engage in a meaningful dialog with the juvenile" and "scrupulously ensure that the juvenile fully understands, and intentionally and intelligently relinquishes, the right to counsel." Id. at ¶ 106, 107.

 {¶ 24} In order to determine whether a juvenile has validly waived his right to counsel, courts must consider the totality of the circumstances. Id. at ¶ 108. Relevant factors include the age, intelligence, and education of the juvenile; the juvenile's background and experience generally and in the court system specifically; the presence or absence of the juvenile's parent, guardian, or custodian; the language used by the court in describing the juvenile's rights; the juvenile's conduct; the juvenile's emotional stability; and the complexity of the proceedings. Id. When the record does not show that a parent advised the juvenile prior to proceeding without counsel, a waiver of counsel is invalid. See *In re J.F.,* 178 Ohio App.3d 702, 2008-Ohio-4325, 900 N.E.2d 204 (even though parent was present at the hearing, nothing to show that she had not advised the child regarding waiver).

{¶ 25} In the present case, the magistrate's brief dialog with the 13–year–old appellant regarding his right to counsel does not indicate the child's understanding of the implications of his statements and proceeding without counsel. Appellant's young age alone would indicate that he should have been appointed counsel. Furthermore, the informal nature of civil protection hearings exacerbates the problem of permitting juveniles to proceed pro se. The record shows that the magistrate informed appellant's father that evidence from the hearing could be used by a prosecutor to file criminal charges against appellant, but did not specify

what charges or potential consequences appellant might face. Likewise, nothing in the record shows that the 13–year–old appellant himself understood the nature of any charges that could be brought against him in the juvenile court or the consequences. The father's agreement to proceed without a lawyer, in essence, was an improper waiver of appellant's legal rights.

{¶ 26} The magistrate recognized, as do we, the unusual circumstances and the lack of statutory or judicial guidance. One hopes that the H.B. 10 amendments will fill that void. Until then, we have found that the advice of counsel is warranted and necessary to protect a juvenile respondent in a civil-protection-order proceeding. Therefore, appellant's purported waiver of any right to counsel was not valid, and the trial court erred in proceeding without appointing counsel to protect the child's due process rights.

{¶ 27} Accordingly, appellant's first assignment of error is well taken. The remaining three assignments of error are deemed moot.

{¶ 28} The judgment of the Ottawa County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

PIETRYKOWSKI and COSME, JJ., concur.

