[Cite as *In re E.G.*, 2021-Ohio-917.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: E.G. | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | Case Nos: 20CA12 |
| | : | 20CA16 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 19JA00463

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 22, 2021

APPEARANCES:

For Defendant-Appellant E.G.

CHANDRA L. ONTKO
665 Southgate Parkway
Cambridge, OH 43725

For Appellant Father

J.G., PRO SE
3313 Kathy Drive
Pittsburgh, PA 15205

For Plaintiff-Appellee

JASON R. FARLEY
627 Wheeling Avenue
Cambridge, OH 43725

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, E.G., appeals the June 2, 2020 journal entry of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division, finding him to be a delinquent child.  Appellant-Father, J.G., also filed an appeal.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 16, 2019, appellant E.G., a juvenile, was charged with one count of obstructing official business in violation of R.C. 2921.31 and one count of failure to disclose personal information in violation of R.C. 2921.29.

{¶ 3}   An adjudicatory hearing was held on May 28, 2020.  By journal entry filed June 2, 2020, the trial court found appellant delinquent on the obstructing charge, but not delinquent on the failure to disclose charge.  The trial court ordered appellant to detention for ninety days, eighty-seven days suspended on the condition of obeying the terms of probation.  Findings of fact and conclusions of law were filed on June 29, 2020.

{¶ 4}   Appellant E.G. filed an appeal (Case No. 20CA12) and assigned the following error:

I

{¶ 5}   "THE APPELLANT ALLEGES THAT THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶ 6}   Appellant father filed an appeal (Case No. 20CA16) and assigned the following errors:

I

{¶ 7}   "THE JUVENILE COURT ERRED BY FAILING TO INFORM EVERY PARTY OF THE RIGHT TO COUNSEL AT ALL STAGES OF THE DELIQUENCY

PROCEEDINGS; AS SUCH, VIOLATED NOT ONLY MY SON'S CONSITUTIONALLY GUARANTEED FUNDAMENTAL RIGHT TO DUE PROCESS; ALSO, THAT OF HIS PARENTS WHEN IT PROCEEDED ABSENT A VALID WAIVER OF RIGHT TO COUNSEL."

II

{¶ 8} "BOTH TRIAL AND APPELLATE COUNSELS' PERFORMANCE EXEMPLIFY INEFFECTIVE ASSISTANCE OF COUNSEL; THUS, MY SON'S FUNDAMENTAL RIGHT TO DUE PROCESS ACCORDING TO THE SIXTH AMENDMENT IS VIOLATED."

I (E.G.)

{¶ 9} In his sole assignment of error, appellant E.G. claims the finding of delinquency was against the sufficiency and manifest weight of the evidence. We disagree.

{¶ 10} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 11} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must

be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 12} Appellant was found delinquent of obstructing official business in violation of R.C. 2921.31 which states: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ 13} Cambridge Police Patrolman David Ryan received a dispatch of three individuals who had just left a residence and were in possession of a stolen firearm. T. at 12. Two weeks prior, a report was made of two stolen firearms at the residence which had not been recovered. T. at 12, 31-32. The descriptions of two of the individuals included males, one wearing a white sweatshirt carrying a backpack and the other wearing a blue or green jacket. T. at 12. While en route to the general area, Patrolman Ryan observed three individuals walking, two of which matched the descriptions given. *Id.* Patrolman Ryan made contact with the individuals and focused on the male wearing the white sweatshirt and carrying the backpack, V.M. T. at 13. He separated V.M. from the other two and asked him to place the backpack on the ground and V.M. complied. *Id.* Patrolman Ryan received permission to search the backpack. T. at 14. As he walked toward the backpack, appellant "reached down and grabbed the backpack and said, no, you're not searching it" and pulled it away. *Id.* Another patrolman on the scene grabbed the backpack and appellant "tried to force away" from

the patrolman. *Id.* As Patrolman Ryan approached the situation, the other patrolman was able to remove the backpack from appellant's grasp. *Id.* Patrolman Ryan asked appellant to place his hands on top of his head and instead, appellant reached into his pocket and pulled out a cell phone and said "no." T. at 15. Patrolman Ryan took control of appellant's arms and the other patrolman was able to put handcuffs on him. T. at 16. A body cam recording of the incident played for the trial court supports the patrolman's testimony. T. at 18-20; State's Exhibit A.

{¶ 14} Patrolman Ryan explained during the incident, he was concerned about a firearm being in the backpack given the report two weeks prior, and the fact that appellant's demeanor "immediately changed" after permission was given to search the backpack. T. at 14-15. Patrolman Ryan's fear was that if a firearm was inside the backpack, appellant could gain control of it and "this was going to turn into a lethal force situation." T. at 15. Patrolman Ryan was also concerned that the other patrolman was holding onto the backpack and was "in a lesser position to defend himself." *Id.*

{¶ 15} V.M. testified they were stopped because the police were investigating a report of a stolen gun. T. at 36. He was separated from E.G. T. at 37. V.M. corroborated Patrolman Ryan's account of what transpired. T. at 37-38.

{¶ 16} E.G. testified he was unaware of the purpose for the stop as he was standing away from V.M. T. at 42. He did not know the backpack was part of a criminal investigation. T. at 43. E.G. stated because he was not receiving any information about the reason for the stop, he decided he was "just going to leave. So I bent down to pick up the bookbag to tell my friends to come on and we were about to walk away and leave." T. at 45. He could see V.M. was talking to the patrolman, but he "wasn't paying no attention to them." T. at 46.

{¶ 17} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 18} In its Conclusions of Law filed June 29, 2020, the trial court found appellant delinquent of the obstructing charge, finding appellant's account was not credible and "his conduct was for but one reason, and that was to prevent, obstruct, or delay the investigation of Patrolman Ryan as he was looking for a firearm. Even though the impediment was only momentary, it did impede the Patrolman in his official duties."

{¶ 19} Even though appellant could see Patrolman Ryan speaking with V.M., he walked over and picked up the backpack with the intention of leaving. Patrolman Ryan had obtained permission from V.M. to search the backpack, but appellant told the patrolman he was not searching it. A "tug-of-war" over the backpack ensued until it was removed from appellant's grasp. When instructed to place his hands on top of his head, appellant refused.

{¶ 20} Upon review, we find sufficient evidence to support the finding of delinquency for obstructing official business, and do not find any manifest miscarriage of justice.

{¶ 21} Appellant E.G.'s sole assignment of error is denied.

### I, II (FATHER)

{¶ 22} In his first assignment of error, appellant father claims the trial court erred in failing to inform every party of their right to counsel at all stages of the proceedings,

thereby violating their rights to due process. In his second assignment of error, appellant claims ineffective assistance of trial and appellate counsel.

{¶ 23} Appellee argues appellant does not have standing to file an appeal on his son's behalf.

{¶ 24} In *Iden v. Zumbro,* 5th Dist. Licking No. 18-CA-56, 2019-Ohio-1051, ¶ 9, this court explained the following on the issue of standing:

Standing is "a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court - even a court of competent subject-matter jurisdiction - over the party's attempted action." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22. A "determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal stake in the outcome of the action in order to establish standing." *Kuchta* at ¶ 23, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27.

{¶ 25} In order to have standing to appeal his son's case, appellant must demonstrate that he himself suffered prejudice as a result of the complained of errors. *Id.* at 11.

{¶ 26} In his appellate reply brief at 6, appellant states: "I gave notice to the trial court that I was appealing its decision in my role as E.P.G.'s father/parent for denying 'my' Civil Rule 52 motion, its judgment adjudicating my minor son delinquent, and its finding of facts and conclusions of law."

{¶ 27} On June 8, 2020, appellant filed a Civ.R. 52 request for findings of fact and conclusions of law. On same date, defense counsel filed the same request on behalf of appellant E.G. By journal entry filed June 9, 2020, the trial court granted defense counsel's motion. By journal entry filed same date, the trial court denied appellant's Civ.R. 52 motion because the motion "has been granted as it pertains to the child." Appellant has not suffered any prejudice by the trial court granting the motion filed by defense counsel instead of his.

{¶ 28} In his appellate reply brief at 7, appellant argues he had a right to counsel because he was "assessed the same court costs as my son." In its June 29, 2020 journal entry, the trial court stated: "Said juvenile is assessed Court costs in the amount of $188.25." The trial court did not assign court costs to appellant.

{¶ 29} Appellant also seeks to appeal the finding of delinquency and the findings of fact and conclusions of law, and raises arguments of ineffective assistance of counsel. Appellant's arguments pertain to appellant E.G. While appellant, as a father, most assuredly has "a personal stake in the outcome of the action," he himself has not suffered prejudice in the trial court's proceedings. He is advocating for his son, not himself. In *In re E.C.,* 7th Dist. Noble No. 09-NO-366, 2011-Ohio-6543, ¶ 13-15, our colleagues from the Seventh District explained the following:

"[J]udges have the ethical duty to prevent the unauthorized practice of law." *In re D.L.,* 189 Ohio App.3d 154, 2010-Ohio-1888, 937 N.E.2d 1042, ¶ 15, citing Prof.Cond.R. 5.5(a), formerly DR 3-101(A). Gov.Bar.R. VII(2)(A) defines the unauthorized practice of law as "[t]he rendering of

legal services for another [person] by any person not admitted to practice in Ohio."

"A person's inherent right to proceed pro se in any court pertains only to that person and does not extend to the person's spouse, child, or solely owned corporation." *In re D.L.,* 189 Ohio App.3d 154, 2010-Ohio-1888, 937 N.E.2d 1042, ¶ 14. Thus, a court errs when it permits a parent to act as their child's attorney. *Id.* at ¶ 16.

In this instance, we cannot consider the appellate brief filed by appellant's mother. To do so would sanction the unauthorized practice of law.

{¶ 30} Appellant E.G. was properly advised of counsel during the arraignment hearing, was in fact appointed counsel, and was represented by counsel every step of the way, including on appeal. Appellant does not show how he himself suffered any prejudice in this case, and he cannot represent his son on appeal.

{¶ 31} Appellant father's assignments of error I and II are denied.

{¶ 32} The judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division is hereby affirmed.

By Wise, Earle, J.

Baldwin, P.J. and

Delaney, J. concur.


EEW/db