[Cite as *In re E.G.*, 2023-Ohio-1277.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: E.G. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| | : | |
| | : | |
| | : | Case No. CT2022-0058 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                   Pleas, Juvenile Division, Case Nos.
                                   22120205, 22120239, 22120240


JUDGMENT:                          Dismissed


DATE OF JUDGMENT:                  April 19, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MARK ZANGHI                               RICHARD D. HIXSON
27 North 5th Street, Suite 201            3808 James Court, Suite 2
Zanesville, OH  43701                     Zanesville, OH  43701

Guardian Ad Litem                         ANDREW RUSS
                                          P.O. Box 520
ADAM JOHNSON                              Pickerington, OH  41347
23 East Waterloo Street
Canal Winchester, OH  43110

*King, J.*

{¶ 1}   Defendant-Appellant, E.G., appeals the July 11, 2022 judgment entry of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division, discharging him from probation and community control.  Plaintiff-Appellee is the state of Ohio.  We dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 18, 2021, appellant E.G., a juvenile, was charged in Guernsey County with one count of receiving stolen property in violation of R.C. 2913.51 (Case No. 21JA00080).  At some point, appellant was also charged with a probation violation in Guernsey County Case No. 19JA00463.

{¶ 3}   On April 23, 2021, appellant was charged in Muskingum County with one count of assault of a peace officer and two counts of assault of a probation officer in violation of R.C. 2903.13, one count of harassment with a bodily substance in violation of R.C. 2921.38, and one count of disorderly conduct in violation of R.C. 2917.11 (Case No. 22120205).

{¶ 4}   On May 13, 2021, the Guernsey County cases were transferred to Muskingum County and assigned new case numbers, 21JA00080 to 22120239, and 19JA00463 to 22120240.

{¶ 5}   An adjudicatory hearing was held on August 19, 2021, wherein appellant entered admissions to all counts and was adjudicated delinquent.  By judgment entries filed same date, the trial court ordered appellant to serve ninety days in detention for the probation violation, suspended, serve 119 days in the Muskingum County Juvenile Detention Center with credit for 119 days he had spent in the detention center prior to his admissions, serve five consecutive commitments of six months to age 21 with the

Department of Youth Services, suspended, and placed him on probation for eighteen months.

{¶ 6} On July 11, 2022, the trial court discharged appellant from probation and community control.

{¶ 7} Appellant filed an appeal with the following assignments of error:

I

{¶ 8} "THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS WHEN APPELLANT REMAINED IN PREVENTIVE DETENTION FOR 119 DAYS, AS APPELLANT'S CONFINEMENT OF SUCH LENGTH WAS PUNITIVE AND FAILED TO SERVE THE LEGITIMATE PURPOSES OF PROTECTING SOCIETY AND THE JUVENILE FROM THE CONSEQUENCES OF PRE-ADJUDICATION OFFENSES OR ENSURING THE JUVENILE'S RETURN TO COURT."

II

{¶ 9} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S ADMISSION TO ALL CHARGES WAS KNOWING, INTELLIGENT AND VOLUNTARY."

I, II

{¶ 10} In his two assignments of error, appellant challenges his 119-day preventive detention and claims his admissions to all charges were not knowing, intelligent, and voluntary.

{¶ 11} Appellant filed an appeal listing three different case numbers, one of which, Muskingum Case No. 22120240, former Guernsey Case No. 19JA00463, was affirmed by this court on appeal. *In the Matter of: E.G.,* 5th Dist. Guernsey Nos. 20CA12 and 20CA16, 2021-Ohio-917, *appeal not accepted,* 165 Ohio St.3d 1495, 2012-Ohio-4515,

178 N.E.3d 531. The notice of appeal listed ten decisions he was appealing, although the docketing statement listed only the July 11, 2022 judgment entry.

{¶ 12} On October 5, 2022, appellee filed an amended motion to dismiss the appeal. By judgment entry filed November 14, 2022, this court determined the appeal was "only timely as to the trial court's entry of July 11, 2022. Therefore, the motion to dismiss is granted as to all other entries listed in the notice of appeal. The appeal may continue as to the July 11, 2022 entry." In a separate judgment entry filed November 14, 2022, appellant was ordered to file a brief by December 9, 2022, which he did do.

{¶ 13} On December 12, 2022, appellee filed a motion to strike appellant's brief and motion to dismiss the appeal. Appellee argued appellant's brief did not address any issues or arguments pertaining to the trial court's July 11, 2022 judgment entry. By judgment entry filed January 18, 2023, this court took the motion under advisement, to be considered at the time of merit review. The case was submitted for merit review as part of the scheduled sit held on April 6, 2023.

{¶ 14} A review of appellant's brief does not reveal any argument or assignments of error pertaining to the trial court's July 11, 2022 judgment entry discharging him from probation and community control. Instead, the listed assignments of error and the arguments in the brief address trial court decisions specifically dismissed by this court in its November 14, 2022 judgment entry. Thus, the appeal is dismissed.

{¶ 15} Appeal dismissed.

{¶ 16} It is so ordered.

By King, J.

Hoffman, P.J. and

Baldwin, J. concur.

AJK/db

[Cite as *In re E.G.*, 2023-Ohio-1277.]