[Cite as *Luttrell v. Younce*, 2011-Ohio-4458.]

IN THE COURT OF APPEALS OF MIAMI COUNTY, OHIO

                                    :

NICOLE LUTTRELL
    Petitioner-Appellee       :    C.A. CASE NO. 09-CA-45

vs.                                 :    T.C. CASE NO. 09-DV-209

                                    :    (Civil Appeal from
DOUGLAS YOUNCE, JR.                           Common  Pleas
                                         Court)
    Respondent-Appellant      :

        . . . . . . . . .

## O P I N I O N

Rendered on the 2nd day of September, 2011.

        . . . . . . . . .

Nicole Luttrell, 10182 W. Markley Road, Laura, OH 45337
    Petitioner-Appellee

Jeffrey D. Slyman, Atty. Reg. No. 0010098, 575 South Dixie Drive, Vandalia, OH 45377
    Attorney for Respondent-Appellant

        . . . . . . . . .

GRADY, P.J.:

{¶ 1} Respondent, Douglas Younce, Jr., appeals from a final order overruling his objections to a magistrate's decision and issuing a civil protection order against him pursuant to R.C. 2903.214.

{¶ 2} On August 18, 2009, Nicole Luttrell filed a petition for a civil stalking protection order against Younce pursuant to R.C. 2903.214. (Dkt. 1.) The petition was heard and a temporary, ex parte civil protection order was granted the same day. The civil protection order protected Luttrell, Joseph Johnson (Luttrell's stepfather), and Regina Johnson (Luttrell's mother). (Dkt. 2.) A full hearing on Luttrell's petition was scheduled for August 26, 2009. Younce was served with notice of the petition, the order of protection, and that the full hearing on the petition would be held on August 19, 2009. (Dkt. 3.).

{¶ 3} The full hearing on Luttrell's petition was continued to August 26, 2009. Younce was not represented by counsel at the hearing, but he did have an opportunity to question witnesses and present evidence. On August 31, 2009, the magistrate issued a decision granting Luttrell's petition and entering a permanent civil protection order against Younce. (Dkt. 4.)

{¶ 4} After obtaining counsel, Younce filed objections to the magistrate's decision. (Dkt. 5.) The magistrate entered an amended decision, which included findings of fact. (Dkt. 9.) Younce filed supplemental objections to the amended decision. (Dkt. 10.) On November 9, 2009, the trial court overruled Younce's objections to the magistrate's decision and entered a civil protection order, the terms of which are effective until August

18, 2014.  (Dkt. 11.)  Younce filed a timely notice of appeal.

<u>SECOND ASSIGNMENT OF ERROR</u>

{¶ 5} "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION TO GRANT A CIVIL STALKING PROTECTION ORDER, AS THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 6} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."  *C.E. Morris Co. v. Foley Const. Co.* (1978), 54 Ohio St.2d 279, at syllabus.

{¶ 7} R.C. 2903.214(C) provides:

{¶ 8} "A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court.  The petition shall contain or state all of the following:

{¶ 9} "(1) An allegation that the respondent is eighteen years of age or older and engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order . . . ."

{¶ 10} R.C. 2903.211(A)(1) provides "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other

person or cause mental distress to the other person."

{¶ 11} A "pattern of conduct" is defined under R.C. 2903.21(D)(1) as "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents."

{¶ 12} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 13} The trial court found that Younce had "engaged in a pattern of conduct which caused [Luttrell] to be scared of and threatened by" Younce, and that he "committed the actions knowingly and that he did so knowing that they would cause [Luttrell] to believe he would cause physical harm or cause mental distress to [Luttrell]." (Dkt. 11, p. 6.)

{¶ 14} Younce argues that the trial court's decision was against the manifest weight of the evidence because the evidence presented at the hearing failed to establish that Younce knowingly caused the mental distress Luttrell said she suffered. According to Younce, he did not know Luttrell was upset or that she was suffering mental distress as a result of his alleged conduct.

{¶ 15} The record suggests that Younce developed an interest in

Luttrell and that Luttrell did not reciprocate. The incidents described below followed Luttrell's rejection of Younce's interest in her.

{¶ 16} Joseph Johnson, Luttrell's stepfather, testified that he witnessed a car traveling at a high rate of speed past Luttrell's house three times on the evening of Friday, August 14, 2009. The car squealed its tires, causing a cloud of smoke to form. Younce called Luttrell's house that weekend and Johnson told him to leave Luttrell alone and to stay off the road in front of Luttrell's house. (Tr. 5-6.)

{¶ 17} Levi Knight, Luttrell's boyfriend, testified that Younce called Knight at least four times during the weekend of August 15, 2009, asking Knight for Luttrell's phone number. Younce admitted to Knight that Younce was the driver of the car that squealed its tires on the street by Luttrell's house on the evening of Friday, August 14th. Knight testified that he has told Younce a number of times to stop calling Luttrell. According to Younce, Luttrell is "scared to death" of Younce and that Luttrell is not comfortable being in the same room as Younce. (Tr. 7-11.)

{¶ 18} Luttrell testified that Younce has called her at various times and she has asked him multiple times to stop calling her house and to leave her alone. According to Luttrell, Younce admitted to her that he was the one speeding by her house on the weekend

of August 15th. On Monday, August 17, 2009, Luttrell filled out a police report about the incident over the weekend. Younce continued to drive by her house at various times, which made Luttrell feel very uncomfortable. Luttrell testified that Younce's actions have made her very uncomfortable and she feels scared and threatened. (Tr. 13-14.)

{¶ 19} Younce testified that he was never told by anyone to stop talking to Luttrell or that she did not want to talk to him. He explained that a protection order is not necessary because he would not bother Luttrell if she wanted him to leave her alone. (Tr. 16.)

{¶ 20} The trial court found that Luttrell, Knight, and Joseph Johnson were more credible than Younce. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass* (1967), 10 Ohio St.2d 230. In *State v. Lawson* (Aug. 22, 1997), Montgomery App.No. 16288, we observed:

{¶ 21} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within

the peculiar competence of the factfinder, who has seen and heard the witness."

{¶ 22} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. *State v. Bradley* (Oct. 24, 1997), Champaign App. No. 97-CA-03.

{¶ 23} The testimony of Knight, Joseph Johnson, and Luttrell was competent, credible evidence to support the trial court's decision to grant the petition for a civil protection order. Therefore, the judgment of the trial court is not against the manifest weight of the evidence.

{¶ 24} The second assignment of error is overruled.

<u>FIRST ASSIGNMENT OF ERROR</u>

{¶ 25} "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION AS APPELLANT WAS DENIED DUE PROCESS OF LAW AS CONSTITUTIONALLY GUARANTEED HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION."

{¶ 26} In his first assignment of error, Younce argues that he was denied his right to due process, because he was deprived of his right to counsel, his right to notice and an opportunity to be heard, and his right to intrastate travel. We will address

these three issues in turn.

*Right to Counsel*

{¶ 27} Younce argues that he was deprived of his right to due process because he was not represented by counsel at the full hearing. According to Younce, it was the trial court's duty to fully explain to Younce the disadvantages and risks in not being represented by counsel and then grant a continuance, sua sponte, to allow time for Younce to obtain counsel. We do not agree.

{¶ 28} The Sixth District recently addressed whether a respondent has a right to counsel in a proceeding brought pursuant to R.C. 2903.214. The Sixth District explained:

{¶ 29} "The granting of a civil protection order pursuant to R.C. 2903.214 is not the equivalent of finding that the person against whom the order is granted has committed a criminal offense. See *Rieger v. Rieger*, 165 Ohio App.3d 454, 2006-Ohio-482, ¶9. Since proceedings involving the determination of whether to grant a protection order are civil, a defendant is generally not entitled to legal representation. See *State ex rel. Jenkins v. Stern* (1987), 33 Ohio St.3d 108, 110 (no generalized right of counsel in civil litigation). The *violation* of the 'civil' order, however, is a crime, which may include criminal penalties, including possible incarceration, depending on the circumstances and whether the defendant has violated the orders two or more times.

See R.C. 2919.27. Thus, the constitutional protections afforded to a defendant during proceedings involving the violation of a protection order are not available to a defendant in the initial proceeding that created the protection order. See *Toledo v. Lyphout*, 6th Dist. No. L-08- 1406, 2009-Ohio-4596." *In re. D.L.*, 189 Ohio App.3d 154, 2010-Ohio-1888, ¶20.

{¶ 30} We agree with the Sixth District that Younce was not entitled to counsel as a matter of right at the full hearing on Luttrell's petition for a civil protection order. Further, at no time did Younce request a continuance of the full hearing in order to allow him time to obtain an attorney. At the hearing, the magistrate asked Younce if he understood that Luttrell was seeking a protection order against him and he responded in the affirmative. The magistrate also asked Younce if he was prepared to go forward without an attorney and Younce again responded in the affirmative. (Tr. 3-4.)

{¶ 31} As Younce points out in his appellate brief, R.C. 2903.14(D)(2)(iii) states that the trial court may grant a continuance of a full hearing in order for a party to obtain counsel. But this does not mean that a trial court must always continue a full hearing any time one or both of the parties appears at the hearing without an attorney. Otherwise, the legislature would have made a continuance mandatory in R.C.

2903.14(D)(2)(iii), which it chose not to do. Rather, a party must request a continuance of the full hearing if he or she wants additional time in order to obtain counsel. Younce failed to make such a request.

*Right to Notice and an Opportunity to Be Heard*

{¶ 32} R.C. 2903.214(D)(1) provides, in part:

{¶ 33} "If a person who files a petition pursuant to this section requests an ex parte order, the court shall hold an ex parte hearing as soon as possible after the petition is filed, but not later than the next day that the court is in session after the petition is filed. The court, for good cause shown at the ex parte hearing, may enter any temporary orders, with or without bond, that the court finds necessary for the safety and protection of the person to be protected by the order."

{¶ 34} A temporary civil protection order was issued to Luttrell and against Younce after an ex parte hearing. Younce argues that he was denied procedural due process because he was not given notice and an opportunity to be heard prior to the issuance of the temporary civil protection order. But it is undisputed that Younce did receive notice of the full hearing on Luttrell's petition and that Younce did in fact participate in the full hearing. Therefore, Younce did receive notice and an opportunity to be heard on Luttrell's petition for a civil protection order.

{¶ 35} With respect to any error assigned, it must be shown that the complaining party was prejudiced by the error involved. *Bond v. Bond,* Miami App. No. 04CA8, 2004-Ohio-7253, ¶15, citing Smith v. Fletcher (1967), 12 Ohio St.2d 107. Harmless errors, that is, errors that do not affect substantial rights, must be disregarded by the reviewing court. Civ.R. 61; R.C. 2309.59. Any prejudice to Younce in not being given notice and an opportunity to be heard before the temporary civil protection order was issued is rendered harmless by the merger of the temporary order into the permanent order, for which Younce had full notice and an opportunity to be heard.

*Right to Intrastate Travel*

{¶ 36} Younce argues that he was denied substantive due process because the civil protection order unconstitutionally deprives him of his right to intrastate travel. According to Younce:

{¶ 37} "[U]nder the terms of the mandated stalking order form, the Respondent must not be within 500 yards of the protected persons, wherever they may be found. The Court can take judicial notice that 500 yards or 1500 feet is over 1/4 mile, or equivalent to the length of five football fields, or more than three baseball fields. At such distance, it is impossible for the human eye of the restrained person to be able to identify whether the alleged victim is within the restricted area. This raises the obvious

concern of whether the Respondent can even know what conduct is prohibited under the term of the order." (Brief, p. 4-5.)

{¶ 38} Paragraph 5 of the civil protection order entered against Younce (Dkt. 4) provides:

{¶ 39} "5. RESPONDENT SHALL STAY AWAY from protected persons named in this order, and shall not be present within 500 feet or 3 blocks (distance) of any protected persons, wherever protected persons may be found, or any place the Respondent knows or should know the protected persons are likely to be, <u>even with protected person' permission.</u> If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately*. This order includes encounters on public and private roads, highways, and thoroughfares." (Emphasis in original.)

{¶ 40} Younce misapprehends the terms of paragraph 5 of the civil protection order. For example, Younce states that he cannot be within 500 <u>yards</u> of the individuals protected by the order when in fact he cannot be within 500 <u>feet</u>. Further, paragraph 5 of the order provides: "If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately*." (Emphasis in original.) This sentence creates an exception to the geographical restriction placed on Younce. If he accidentally comes into prohibited contact with a

person protected under the terms of the civil protection order, he can avoid a violation of the terms of the order if he departs immediately.

{¶ 41} Moreover, R.C. 2919.27(A)(2) provides that "[n]o person shall recklessly violate the terms of . . . [a] protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code[.]" Whoever recklessly violates the terms of such a protection order is guilty of violating a protection order, which is a misdemeanor of the first degree. R.C. 2919.27(B)(1)-(2). The "recklessly" language in R.C. 2919.27(A)(2) provides an additional safeguard that Younce will not be punished for an accidental violation of paragraph 5 of the civil protection order. Further, the civil protection order against Younce was not issued because Younce was lawfully exercising his right to intrastate travel and minding his own business. Rather, Younce was engaging in activities that "knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(A)(1). Such activities are not protected simply because Younce was exercising his right to intrastate travel at the time he engaged in these activities.

{¶ 42} Younce has failed to show that the terms of the civil protection order are an unconstitutional restraint on his right

to intrastate travel.  Therefore, the first assignment of error is overruled.

{¶ 43} The assignments of error are overruled.  The judgment of the trial court will be affirmed.

HALL, J. and DONOFRIO, J. concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)


Copies mailed to:

Nicole Luttrell
Jeffrey D. Slyman, Esq.
Hon. Robert J. Lindeman