[Cite as *Miller v. Tye*, 2015-Ohio-199.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SUMPNEY MILLER | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   26277 |
| | : | |
| v. | : | T.C. NO. 14CV891 |
| | : | |
| SHASAIA TYE | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of ____January____, 2015.

. . . . . . . . . .

SCOTT S. DAVIES, Atty. Reg. No. 0077080 and MICHAEL J. LEDDY, Atty. Reg. No.
0091164, 1900 Kettering Tower, 40 N. Main Street, Dayton, Ohio 45423
        Attorneys for Plaintiff-Appellee

SHASAIA TYE, 5072 Northcrest Drive, Dayton, Ohio 45414
        Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

        **{¶ 1}** Shasaia Tye appeals from a judgment of the Montgomery County Court of

Common Pleas granting a civil stalking protection order against her to Sumpney Miller.

For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On February 13, 2014, Miller filed a petition for a civil stalking protection order against Tye, alleging that Tye and Tye's best friend, Lonnisha Harvson, threatened her while they were standing outside of a courtroom. Miller also filed a petition against Harvson. Tye, in turn, filed petitions against Miller and two other individuals, Tristan Miller and Nicole Brown. Harvson filed a petition against Sumpney Miller. The cases were consolidated.

{¶ 3} A full hearing on the petitions was held before a magistrate on May 8, 2014. Tye apparently did not appear at the hearing, and the hearing focused on the petitions filed by Miller and Harvson. The magistrate's decision indicates that Tye's petitions against Sumpney Miller and Tristan Miller were dismissed for failure to prosecute on May 9, 2014.

{¶ 4} In a written decision, filed on May 21, 2014, the magistrate made the following findings of fact:

The Magistrate first heard testimony from Sumpney Miller, a resident of Montgomery County, Ohio. Ms. Miller and Ms. Harvson have children by the same man. Ms. Miller and Ms. Tye were friends, but after a falling out regarding Ms. Tye and Ms. Miller's cousin (whom Ms. Tye was dating), Ms. Tye became friends with Ms. Harvson and betrayed Ms. Miller's trust.

The most recent incident between the parties occurred on March 10, 2014. Ms. Tye and Ms. Harvson came to Ms. Miller's residence to intimidate Ms. Miller. Ms. Harvson broke a window of Ms. Miller's residence with a rock. As a result of the incident, Ms. Harvson was

arrested for criminal damaging and violation of the Temporary Order of Protection. Ms. Tye was not arrested as a result of the incident.

On February 20, 2014, Ms. Miller was at the home of her children's aunt, i.e. the sister of their father. Ms. Tye and Ms. Harvson both came to the residence several times that day and threatened to "beat [Petitioner's] ass." Both Ms. Tye and Ms. Harvson threatened to physically harm Petitioner multiple times on this day. The police were called, but left to respond to a report of a shooting.

On February 18, 2014, Ms. Harvson called Ms. Miller and threatened to "beat [Ms. Miller's] ass." Ms. Miller played a recording of the phone call at the hearing.

On February 13, 2014, Ms. Harvson encountered Ms. Miller at the courthouse while waiting for the start of the full hearing originally scheduled in this case and stated to her: "Bitch, I'll beat your ass right here." Deputies were notified. Ms. Harvson was detained and the hearing continued.

On February 12, 2014, Petitioner received multiple phone calls from both Ms. Tye and Ms. Miller inviting her to come outside to fight and threatening to "beat [Petitioner's] ass."

On February 10, 2014, Ms. Harvson sent a message to Ms. Miller via Facebook wherein she acknowledged that she vandalized Ms. Miller's property. Additionally, on the same date, Ms. Tye disclosed Ms. Miller's address to Ms. Harvson on Facebook. Ms. Harvson then posted Ms. Miller's address on Facebook, along with insulting comments about Ms.

Miller. Additionally, Facebook posts by Ms. Harvson regarding Ms. Miller suggested that Ms. Harvson was watching Ms. Miller and was aware of Ms. Miller's whereabouts.

On February 2, 2014, Ms. Harvson sent a message to the father of her children and threatened to "beat up your baby mamma." Although the father was not present at the hearing, Ms. Miller read the message into the record from his phone. He is currently incarcerated.

The Magistrate then heard testimony from Ms. Harvson, also a resident of Montgomery County, Ohio. Ms. Harvson flatly denied Ms. Miller's allegations against her, stating that Ms. Miller is a "liar" and "everything she says is a lie."

Ms. Harvson then addressed her allegations against Ms. Miller. According to Ms. Harvson, in February or March of 2014, Ms. Miller came to Ms. Harvson's home on three occasions. On the first occasion, Ms. Harvson was not home. On the second occasion, Ms. Harvson was home when Ms. Miller came to her residence and reportedly asked her to come outside to fight. According to Ms. Harvson, Ms. Miller threw a rock through Ms. Harvson's car window. On the third occasion, Ms. Harvson was not home, but learned from her neighbors that Ms. Miller and several other women came looking for Ms. Harvson.

Ms. Harvson testified that Ms. Miller called her on the same day as the alleged visits and threatened to "spit on" Ms. Harvsons' daughter. Ms. Miller allegedly threatened to "stomp the baby out of [Ms. Harvson]" during

this phone call.

Ms. Miller did not admit visiting Ms. Harvson's home, nor did she admit threatening to "stomp the baby out of [Ms. Harvson]." However, Ms. Miller did state that she wished no harm to Ms. Harvson's daughter.

At this point in the proceedings, the Magistrate confirmed that neither party wished to have contact with the other. The Magistrate cautioned the parties regarding possible telephone harassment and/or criminal trespass charges should either attempt to contact the other in the future.

Ms. Harvson then left the courtroom and the Magistrate clarified Ms. Miller's allegations against Ms. Tye. In addition to the March 10, 2014, February 20, 2014, February 12, 2014, and February 10, 2014 incidents, Ms. Miller testified problems with Ms. Tye began on January 20, 2014. Ms. Tye was involved with Ms. Miller's cousin, who was cheating on Ms. Tye with another woman. This resulted in animosity between the parties. Ms. Tye betrayed Ms. Miller's confidence to Ms. Harvson. Ms. Miller believes that this betrayal resulted in the loss of her romantic relationship with her children's father.

On one occasion, sometime between late January and late February, 2014, Ms. Miller visited Ms. Tye at Ms. Tye's apartment. Ms. Tye's interactions with other women caused Ms. Miller to be fearful that Ms. Tye would involve her in unnecessary "drama" and potentially place her at risk of physical harm. After that interaction, Ms. Miller refused to visit with Ms. Tye. Ms. Tye came to Ms. Miller's house and Ms. Miller refused to

answer the door. Ms. Tye then began sending "crazy texts" to Ms. Miller that caused Ms. Miller to fear physical harm.

(Footnotes omitted.) Magistrate's Decision, May 21, 2014.

{¶ 5} With respect to Miller's petition against Tye, the magistrate determined in its May 21, 2014 decision that "Tye has engaged in a pattern of conduct, defined as at least two incidents, closely related in time that has reasonably caused Petitioner Sumpney Miller to fear physical harm." The magistrate found that a civil stalking protection order was appropriate and granted Miller a civil stalking protection order against Tye. The same day (May 21), the trial court signed the magistrate's decision.

{¶ 6} Tye did not file objections to the magistrate's decisions. On June 12, 2014, the trial court found that no objections to the magistrate's ruling had been filed and that there were no errors of law or defects on the face of the magistrate's decision. The trial court approved and adopted the magistrate's grant of the civil stalking protection order.

{¶ 7} Tye appeals from the trial court's judgment. Her appellate brief does not state any assignments of error for review. She asserts that Miller "lied to gain a TPO against me" and that, since the civil stalking protection order was granted to Miller, Miller has made false accusations against her (Tye) and "made [Tye's] life a complete mess." We construe Tye's argument to be that the trial court erred in issuing the civil stalking protection order.

{¶ 8} Civ.R. 53(D)(3)(b) requires a party to file written objections to a magistrate's decision within 14 days of the filing of the decision. Objections to factual findings must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. Civ.R.

53(D)(3)(b)(iii). With the exception of a claim of plain error, the failure to file an objection under Civ.R. 53(D)(3)(b) waives the right to "assign as error on appeal the court's adoption of any factual finding or legal conclusion." Civ.R. 53(D)(3)(b)(iv). Tye did not file objections to the magistrate's decision, and, as a result, she waived all but plain error by not objecting to the magistrate's decision.

{¶ 9} In reviewing the trial court's judgment, we are limited to the record before the trial court. *Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 23. Here, no transcript of the May 8, 2014 hearing before the magistrate was prepared. In the absence of a transcript of the hearing before the magistrate, we have no record of the evidence presented to the magistrate, and we cannot speculate what the testimony was at that hearing. *See, e.g., Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980) (duty to provide transcript for appellate review); Civ.R. 53(D)(3)(b)(iii) (objection to magistrate's factual findings). From the record before us, we cannot find plain error in the trial court's granting of a civil stalking protection order to Miller against Tye.

{¶ 10} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Scott S. Davies
Michael J. Leddy
Shasaia Tye
Hon. Mary L. Wiseman