[Cite as *Williams v. Foster*, 2019-Ohio-4601.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| TRAVIS LANIER WILLIAMS | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28416 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-4086 |
| | : | |
| SAMUEL FOSTER | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 8th day of November, 2019.

. . . . . . . . . .

TRAVIS LANIER WILLIAMS, 1955 Kipling Drive, Dayton, Ohio 45406
        Plaintiff-Appellant, Pro Se

SAMUEL FOSTER, 45 Perrine Street, Dayton, Ohio 45410
        Defendant-Appellee, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Travis Lanier Williams, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which concluded that Williams did not have a valid mechanic's lien on Samuel Foster's property and entered judgment in favor of Foster. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On August 31, 2018, Williams brought an action to quiet title to residential property owned by Foster. Williams claimed that, in July 2018, he performed work on the property, including cutting the grass, trimming trees, and picking up trash, the value of which he claimed was $500. Williams asserted that he had a mechanic's lien on the property.

{¶ 3} After Foster failed to respond to the complaint, Williams sought a default judgment. A magistrate denied the motion, stating that the parties had indicated that they were discussing a settlement.

{¶ 4} A trial before a magistrate was held on February 1, 2019. The record does not contain a transcript of that hearing, but the record reflects that Williams testified on his own behalf and Foster did not appear. On March 4, 2019, Williams filed a "notice of Revised Code 5303.01 Judgement default [in] accordance with Revised Code 5309.72."

{¶ 5} On March 20, 2019, the magistrate issued a decision, finding in favor of Foster. The magistrate made the following factual findings:

The short of it is the parties had no contract for Plaintiff to perform any work at the property. Defendant never agreed to pay Plaintiff any money to do any work at the property. While Plaintiff claims Defendant said he would just give the house to Plaintiff, the only evidence of this is

Plaintiff's testimony, which was less than credible. Plaintiff scattered his testimony with different legal verbiage, that upon questioning, it was clear he did not understand the meaning of the words he chose to employ. There was not [sic] written or oral agreement between the parties that Plaintiff was to be paid for any work he completed at the property.

The magistrate concluded that, in the absence of a contract that Williams was owed anything for the work he did at the property, "no mechanic's lien can follow."

{¶ 6} Following the magistrate's decision, Williams filed a "motion for judges and magistrate decision," which the trial court construed as objections to the magistrate's decision. The court set a briefing schedule on the objections, following which Williams filed an "affidavit of truth," an "affidavit of trust," and a "plaintiff brief." Williams generally asserted that he was entitled to Foster's property due to the alleged mechanic's lien and was entitled to judgment against Foster due to Foster's non-responsiveness. Foster did not file any responsive memoranda.

{¶ 7} On May 24, 2019, the trial court overruled Williams's objections and granted judgment to Foster. The trial court reasoned:

The Court first finds that Plaintiff does not have a valid mechanic's lien. Plaintiff did not have an express or implied contract with Defendant regarding the work done around the property or the value of that work. The Court cannot find that a meeting of the minds took place between Plaintiff and Defendant regarding not only the value of the work performed, but even if the work should have been performed to begin with. A contract is not formed unless all the essential elements of the contract are agreed to by

the parties. Plaintiff testified that he was the one who determined the value of his work with no input from Defendant. Therefore, there is no valid implied contract.

The only evidence of any possible contract is Plaintiff's own testimony and the hearsay that it contains. The Court cannot find Plaintiff's testimony credible based upon the trial that was held in this matter. It appears to this Court that Plaintiff sought to own the property in question and is attempting to gain ownership through a mechanic's lien. Plaintiff stated that he did not even ask Defendant for payment prior to filing the mechanic's lien. Plaintiff also stated that he attempted to file a notice of commencement before the work was completed. As the parties did not enter into a contract, and even if there was [sic] a contract, Defendant was never given an opportunity to perform under said contract, there can be no mechanic's lien in this matter.

{¶ 8} Williams appeals from the trial court's judgment. Williams's appellate brief does not include assignments of error as required by App.R. 16(A), but he claims that the trial court should have granted him judgment due to Foster's failure to respond to his complaint and because he (Williams) has a valid mechanic's lien.

{¶ 9} At the outset, we emphasize that the record does not contain a written transcript or video recording of the February 1, 2019 hearing. Williams did not request the preparation of a transcript as part of his appeal, nor did he request the preparation of a transcript in the trial court.

{¶ 10} Under Civ.R. 53(D)(3)(b)(iii), the party objecting to a magistrate's decision

is required to provide a transcript when it asks the trial court to review the factual findings of a magistrate. *See also Price v. Combs*, 2d Dist. Darke No. 2015-CA-17, 2016-Ohio-429, ¶ 16. In the absence of a written transcript of the hearing before the magistrate, we have no record of the evidence presented to the magistrate, and we cannot speculate what the testimony was at that hearing. *Miller v. Tye*, 2d Dist. Montgomery No. 26277, 2015-Ohio-199, ¶ 9. We must presume that the magistrate's and the trial court's findings were supported by the evidence presented at the hearing.

{¶ 11} Accepting the trial court's findings, we find no error in the trial court's conclusion that Foster was entitled to judgment on Williams's claim. R.C. 1311.02, which governs liens upon improvements to real property, provides:

> Every person who performs work or labor upon or furnishes material in furtherance of any improvement *undertaken by virtue of a contract, express or implied*, with the owner * * * has a lien to secure the payment therefor upon the improvement and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed.

(Emphasis added.) R.C. 1311.011 further allows for a lien by a contractor, subcontractor, material supplier, or laborer in connection with a home construction contract or home purchase contract. *See* R.C. 1311.011(B)(1).

{¶ 12} The trial court expressly found that there was no implied or express contract between the parties. In the absence of a contract between the property owner and the contractor -- in this case, Foster and Williams -- no mechanic's lien is permitted. In addition, the trial court found, based on Williams's testimony, that even if a contract

existed, Foster was never given an opportunity to perform under the alleged contract before the filing of the mechanic's lien. The trial court therefore properly granted judgment to Foster on Williams's claims based on an alleged mechanic's lien.

{¶ 13} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Travis Lanier Williams
Samuel Foster
Hon. Dennis J. Adkins