[Cite as *Florenz v. Omalley*, 2020-Ohio-4487.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |
|---|---|
| SARAH FLORENZ | : |
| Petitioner-Appellee | :    Appellate Case No. 28780 |
| | : |
| v. | :    Trial Court Case No. 2020-DV-167 |
| | : |
| KAINE OMALLEY | :    (Appeal from Common Pleas |
| | :    Court – Domestic Relations Division) |
| Respondent-Appellant | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of September, 2020.

. . . . . . . . . . .

SARAH FLORENZ, 114 Murray Drive, Dayton, Ohio 45403
     Petitioner-Appellee, Pro Se

KAINE OMALLEY, 1313 Sanford Drive, Dayton, Ohio 45432
     Respondent-Appellant, Pro Se

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Kaine Omalley appeals from the trial court's order granting a domestic violence civil protection order (DVCPO), after a full hearing, to his former girlfriend, Sarah Florenz. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On January 30, 2020, Florenz filed a petition for a DVCPO. Her petition alleged that Omalley sent her unwanted emails despite repeated requests to stop; Florenz indicated that she had blocked Omalley's email address, but Gmail sent his emails to her "Trash" folder. Florenz further stated that Omalley drove by her home late at night, sometimes leaving notes on her car. He also left gifts on her doorstep despite requests not to do so. Florenz alleged that Omalley, a firefighter, ran the license plates of visitors to her home and then texted them, contacted her from other people's phones, and used internet numbers to contact her. Florenz further stated that Omalley convinced patients to go to Soin Hospital, where she worked, and that he applied for a job near where she lived. Florenz stated that Omalley continually asked her to have sex and had threatened to release nude photos of her. Florenz indicated that she never knew when Omalley would show up or what she would find on her car.

{¶ 3} The magistrate issued an ex parte DVCPO and scheduled a full hearing for February 13, 2020. The parties agree that a full hearing was held, during which both parties had an opportunity to present evidence, but the record does not contain a transcript of that hearing.

{¶ 4} On March 3, the magistrate issued a five-year DVCPO. In doing so, the magistrate made the following written factual findings:

The petitioner and the respondent were in a dating relationship.

The petitioner seeks to end the relationship with the respondent. They were in a sexual relationship that the petitioner no longer wishes to be in with him. The respondent has been texting and calling the petitioner. The respondent has been blocked on her telephone and his emails go to trash. The respondent drives to the petitioner's home at night. The petitioner never knows when the respondent will show up. The petitioner had three exhibits which reflect that she requested that respondent stop all contact with the petitioner.

The respondent indicated that he sent a few emails after he was told not to contact the petitioner. The respondent did drive by the petitioner's house. In the past the petitioner indicated that she felt uncomfortable at home by herself. The respondent did put a card at the petitioner's home with some money after the respondent was told not to contact the petitioner. The respondent indicated that he did not have pictures of the respondent.

From the evidence that was presented, the court finds that the respondent did engage in acts of domestic violence pursuant to R.C. 3113.31(A)(1). The petitioner felt threatened by the actions of the respondent. Based upon the evidence, the petitioner's fear is that of a reasonable person, one who would be in fear of imminent serious physical harm. The threats of domestic violence and actual acts of violence are sufficient to warrant the issuance of a civil protection order. The petitioner has proven her case by a preponderance of the evidence. * * *

The magistrate's order further found that it was not appropriate for Omalley to possess

any firearm or weapon.

{¶ 5} The magistrate's March 3 order was signed by the trial judge and filed by the clerk of courts. The order highlighted certain portions of Civ.R. 65.1, which governs the issuance of civil protection orders. Notably, it included a statement from Civ.R. 65.1(G) that, "[n]otwithstanding the provisions of any other rule, an order entered by this court under Civ.R. 65.1(F)(3)(c) is a final appealable order that can be appealed upon issuance of the order." The order did not mention the next sentence in Civ.R. 65.1(G), which states that timely objections are required prior to filing an appeal.

{¶ 6} Omalley appeals from the March 3 DVCPO, claiming that Florenz's evidence was untrue and based on hearsay. In particular, Omalley argues that Florenz's assertions that he read license plates, encouraged patients to go to Soin, and applied to work in Dayton were hearsay. Omalley further states that he applied for a position in Dayton prior to meeting Florenz and again while they were still on good terms. Omalley asserts that Florenz was unclear with him about whether she wanted them to be in contact, emphasizing that Florenz often reinitiated contact after breaking it off. Finally, Omalley indicates that he has evidence to refute Florenz's claims that he has nude photos of her and that he has given her unwanted gifts. Omalley claims that he has never harmed Florenz, never threatened to harm her, and never would. Omalley asks that the trial court's order be reversed.

{¶ 7} "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "[T]he magistrate's grant or

denial of a protection order after a full hearing is not effective until adopted by the court." *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 7, citing Civ.R. 65.1(F)(3)(c). A trial court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing becomes effective when it is signed by the court and filed with the clerk. Civ.R. 65.1(F)(3)(c)(v).

{¶ 8} Pursuant to Civ.R. 65.1(G), a trial court's decision to adopt a magistrate's decision that grants or denies a DVCPO is a final, appealable order. However, as of July 1, 2016, the rule requires a party to file timely objections to the trial court's order prior to filing an appeal. *See* Civ.R. 65.1(G). Written objections must be filed within 14 days of the filing of the trial court's order. Civ.R. 65.1(F)(3)(d)(i).

{¶ 9} Since the July 1, 2016 changes to Civ.R. 65.1(G), several appellate districts have held that an appeal must be dismissed if timely objections were not filed. *See, e.g., Casto v. Lehr*, 5th Dist. Tuscarawas No. 2020 AP 02 0002, 2020-Ohio-3777, ¶ 19; *Hetrick v. Lockwood*, 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118; *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507; *K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647; *Post v. Leopardi*, 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890.

{¶ 10} In contrast, this court has not found the failure to file objections to be jurisdictional. *See, e.g., Fecke v. Sizemore*, 2d Dist. Montgomery No. 28536, 2020-Ohio-2851 (affirming a protection order due to appellant's failure to file objections); *Whatley v. Canales*, 2d Dist. Montgomery No. 28382, 2020-Ohio-213; *Runkle v. Stewart*, 2d Dist. Miami No. 2018-CA-27, 2019-Ohio-2356 (noting that the failure to file objections required dismissal, but nonetheless affirming the trial court's DVCPO due to failure to file

objections); *Anderson v. Gregory*, 2d Dist. Montgomery No. 28277, 2019-Ohio-2346. *See also Danison v. Blinco*, 3d Dist. Crawford No. 3-18-19, 2019-Ohio-2767. Nevertheless, a party may not challenge the protection order on appeal if objections were not filed. *Id.*

{¶ 11} Here, the record reflects that Omalley failed to file objections to the trial court's adoption of the magistrate's decision granting the DVCPO. In the absence of timely objections, Omalley may not challenge the trial court's decision on appeal.

{¶ 12} We are troubled by form language in the DVCPO regarding Civ.R. 65.1. Civ.R. 65.1 is clear that magistrate decisions after a full hearing are not subject to the requirements in Civ.R. 53(D)(2) or (3). *See* Civ.R. 65.1(F)(3)(b); *Runkle* at ¶ 7. Of relevance here, the DVCPO need not comply with Civ.R. 53(D)(3)(a)(iii), which requires a magistrate decision to "indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."

{¶ 13} However, the DVCPO highlighted portions of Civ.R. 65.1. It stated that the magistrate's order was not governed by Civ.R. 53(D), timely objections did not stay the execution of the order, objections had to conform to Civ.R. 65.1(F)(3)(d), the trial court's adoption of the magistrate's order was not effective until signed by the court and filed with the clerk, and "[n]otwithstanding the provisions of any other rule, an order entered by this court under Civ.R. 65.1(F)(3)(c) is a final appealable order that can be appealed upon issuance of the order."

{¶ 14} In our view, the notification regarding Civ.R. 65.1 suggested that objections were optional and that the order could be appealed immediately without filing objections.

Specifically, the inclusion of the language from Civ.R. 65.1(G) indicating that the order could be immediately appealed was misleading in the absence of additional information that timely objections were required prior to filing an appeal.   While the magistrate was not required by rule to inform the parties about the need to object, the decision to provide some information about Civ.R. 65.1 to the parties triggered an obligation to provide complete and accurate information.

{¶ 15} Even if we were to consider Omalley's arguments in light of the Civ.R. 65.1 language in the DVCPO, we would nevertheless find no basis to reverse the order. Omalley failed to provide a transcript of the full hearing before the magistrate, as required by Civ.R. 65.1(F)(3)(d)(iv).   In the absence of a written transcript of the hearing, we have no record of the evidence presented to the magistrate, and we cannot speculate what testimony was given at that hearing. *Williams v. Foster*, 2d Dist. Montgomery No. 28416, 2019-Ohio-4601, ¶ 10, citing *Miller v. Tye*, 2d Dist. Montgomery No. 26277, 2015-Ohio-199, ¶ 90.   Rather, we must presume that the evidence supported the magistrate's findings.   *See Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 34.

{¶ 16} Given the record before us, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Sarah Florenz
Kaine Omalley
Hon. Timothy D. Wood