[Cite as *Rathburn v. Watson*, 2020-Ohio-5213.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| CHRISTINA RATHBURN | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28700 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-6045 |
| | : | |
| GINA WATSON | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 6th day of November, 2020.

. . . . . . . . . . .

CHRISTINA RATHBURN, 3514 Mesmer Avenue, Dayton, Ohio 45410
Plaintiff-Appellant, Pro Se

GINA WATSON, 1654 Huffman Avenue, Dayton, Ohio 45403
Defendant-Appellee, Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant-petitioner, Christina Rathburn, appeals pro se from a judgment of the Montgomery County Court of Common Pleas, which denied her petition for a civil stalking protection order ("CSPO") against appellee-respondent, Gina Watson. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On December 19, 2019, Rathburn filed a petition for a CSPO against Watson. The petition included a request for an emergency protection order. Following an ex parte hearing, the trial court magistrate denied Rathburn's request for an emergency protection order and scheduled the matter for a full evidentiary hearing.

{¶ 3} On January 7, 2020, both parties appeared and testified at the full evidentiary hearing. Following the hearing, the trial court made the following findings of fact:

[Rathburn] and [Watson] were former friends. The acrimony between the parties stems from the purchase of a van that [Rathburn] claims to have bought for [Watson] and [Watson] claims was gifted to her by [Rathburn]. [Rathburn] states that on December 18, 2019, she was taking the trash out when [Watson] drove by and yelled out the window, "I'm going to kill you!" On December 12, 2019, [Rathburn] states that [Watson] drove by and said, "Dumb bitch, I'm gonna kill you and your kids!" Prior to this, [Watson] sent certified mail to [Rathburn's] home but [Rathburn] refused it.

[Watson] denies threatening [Rathburn] and denies driving by her home. [Watson] blocked [Rathburn] from [Watson's] Facebook page and

[Rathburn] created a new page in order to reach [Watson]. [Watson] also approached the parties' children's school about [Rathburn] harassing [Watson] and now the parties must enter through different doors when dropping off their children.

Judgment Entry, p. 3-4.

{¶ 4} Based on the aforementioned findings of fact, the magistrate issued a decision denying Rathburn's petition for a CSPO on grounds that Rathburn had failed to establish the statutory requirements for obtaining a CSPO under R.C. 2903.211(A). Specifically, the magistrate found that Rathburn had failed to establish that Watson engaged in a pattern of conduct, i.e., two or more incidents, that would cause Rathburn to reasonably fear physical harm. The magistrate's decision was subsequently adopted by the trial court judge.

{¶ 5} Rathburn now appeals from the trial court's judgment adopting the magistrate's decision, and she raises one assignment of error for review.

**Assignment of Error**

{¶ 6} Under her sole assignment of error, Rathburn claims that she was denied a fair hearing on her petition for a CSPO because she was not given the opportunity to call any witnesses or to admit any of her unspecified documentary evidence. Rathburn also claims that her testimony was, by itself, sufficient to obtain a CSPO because it satisfied all the requirements under R.C 2903.211(A). Therefore, according to Rathburn, the trial court erred in denying her petition for a CSPO.

{¶ 7} As a preliminary matter, we note that both parties are proceeding pro se in

this appeal.   "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants."   (Citation omitted.)   *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20. Unfortunately, we find that Rathburn failed to observe several procedural rules that affect this court's ability to review her claims.

*(1) Rathburn Failed to File Objections to the Trial Court's Adoption of the*

*Magistrate's Decision*

**{¶ 8}** "Pursuant to Civ.R. 65.1(G), a trial court's decision to adopt a magistrate's decision that grants or denies a [CSPO] is a final, appealable order."   *Florenz v. Omalley*, 2020-Ohio-4487, __ N.E.3d __ ¶ 8 (2d Dist.).   "However, as of July 1, 2016, the rule requires a party to file timely objections to the trial court's order prior to filing an appeal." *Id.*, citing Civ.R. 65.1(G).   "Written objections must be filed within 14 days of the filing of the trial court's order."   *Id.*, citing Civ.R. 65.1(F)(3)(d)(i).   "[A] party may not challenge the protection order on appeal if objections were not filed."   (Citation omitted.)   *Id.* at ¶ 10.

**{¶ 9}** Here, the record reflects that Rathburn failed to file objections to the trial court's adoption of the magistrate's decision denying her petition for a CSPO.   In the absence of timely objections, Rathburn may not challenge the trial court's decision on appeal.   *See id.* at ¶ 11.

*(2) Rathburn Failed to File a Transcript of the Trial Court Proceedings*

**{¶ 10}** Even if we were to consider Rathburn's arguments on appeal, we would

nevertheless find no basis to reverse the order denying Rathburn's petition for a CSPO, because Rathburn failed to provide a transcript of the full evidentiary hearing before the magistrate as required by Civ.R. 65.1(F)(3)(d)(iv). *See also* App.R. 9(B). "In the absence of a written transcript of the hearing, we have no record of the evidence presented to the magistrate, and we cannot speculate what testimony was given at that hearing." *Florenz* at ¶ 15, citing *Williams v. Foster*, 2d Dist. Montgomery No. 28416, 2019-Ohio-4601, ¶ 10 and *Miller v. Tye*, 2d Dist. Montgomery No. 26277, 2015-Ohio-199, ¶ 9.

{¶ 11} Under these circumstances, we cannot say that the trial court's decision to deny the CSPO was erroneous. *See Williamson v. Caldwell*, 2d Dist. Montgomery No. 27621, 2018-Ohio-311, ¶ 10. "Rather, we must presume that the evidence supported the magistrate's findings." *Florenz* at ¶ 15, citing *Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 34. Without a transcript, we also cannot determine whether Rathburn was unjustly prevented from admitting her witness testimony and documentary evidence. Therefore, we must "presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

*(3) Rathburn Improperly Raised a New Argument in her Reply Brief*

{¶ 12} Rathburn filed a reply brief that raised a new argument claiming that her trial counsel performed deficiently at the evidentiary hearing by failing to call her witnesses and by failing to submit her documentary evidence. Appellants, however, are not permitted to raise new arguments in a reply brief. *Ameritech Publishing, Inc. v. Griffin*,

2d Dist. Clark No. 2009-CA-18, 2009-Ohio-5602, ¶ 13. "Reply briefs are merely intended to be an opportunity to reply to the brief of the appellee." (Citation omitted.) *Id.* Therefore, this court generally does not consider arguments that are raised for the first time in a reply brief. *See Hoskins v. Simones*, 173 Ohio App.3d 186, 2007-Ohio-4084, 877 N.E.2d 1008, ¶ 38 (2d Dist.); *Griffin* at ¶ 13.

{¶ 13} Nevertheless, even if it were appropriate for this court to consider Rathburn's new argument, which we construe as an ineffective assistance of counsel claim, the argument fails because a petition for a CSPO is civil in nature, not criminal. *Luttrell v. Younce*, 2d Dist. Miami No. 09-CA-45, 2011-Ohio-4458, ¶ 29, citing *In re D.L.*, 189 Ohio App.3d 154, 2010-Ohio-1888, 937 N.E.2d 1042, ¶ 20 (6th Dist.). Since proceedings involving the determination of whether to grant a CSPO are civil, there is no attendant right to counsel. *Id.*; *Zawrotuk v. Zawrotuk*, 7th Dist. Mahoning No. 14 MA 13, 2014-Ohio-5225, ¶ 49; *Kohus v. Daly*, 12th Dist. Clermont No. CA2015-05-042, 2016-Ohio-73, ¶ 14. Consequently, Rathburn was not entitled to counsel as a matter of right at the full hearing on her petition for a CSPO. *See Luttrell* at ¶ 30. "Where there is no right to counsel, there can be no reversal based upon allegations of ineffective assistance of counsel." *In re Guardianship of Florkey*, 4th Dist. Highland No. 07CA22, 2008-Ohio-4994, ¶ 20, citing *Perkins v. Breeding*, 10th Dist. Franklin No. 94APE11-1605, 1995 WL 390928, *3 (June 29, 1995).

{¶ 14} For all the foregoing reasons, Rathburn's sole assignment of error is overruled.

**Conclusion**

{¶ 15} Having overruled Rathburn's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Christina Rathburn
Gina Watson
Hon. Steven K. Dankof