[Cite as *Henderson v. Fowler*, 2021-Ohio-144.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| CHRISTY HENDERSON | : | |
|  | : | Appellate Case No. 28765 |
| Plaintiff-Appellant | : | |
|  | : | Trial Court Case No. 2020-CV-1254 |
| v. | : | |
|  | : | |
| JEFFERY FOWLER | : | (Civil Appeal from |
|  | : | Common Pleas Court) |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of January, 2021.

. . . . . . . . . . .

CHRISTY HENDERSON, 116 E. Lincoln Street, #5, Dayton, Ohio 45402
    Plaintiff-Appellant, Pro Se

JEFFERY FOWLER, 116 E. Lincoln Street, #4, Dayton, Ohio 45402
    Defendant-Appellee, Pro Se

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Christy Henderson appeals from the denial of her petition for a civil sexually oriented offense protection order against Jeffery Fowler. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On March 9, 2020, Henderson filed a petition for a civil sexually oriented offense protection order, alleging that she suspected that Fowler "regular[l]y pleasures himself in view of me." Henderson waived an ex parte hearing, and the matter was set for a full hearing before a magistrate on March 17, 2020. The hearing occurred as scheduled, and Henderson and Fowler both appeared. No transcript of the hearing has been filed.

{¶ 3} On March 20, 2020, the magistrate denied Henderson's petition. The magistrate summarized the testimony at the hearing as follows:

> The Magistrate first heard testimony from Petitioner, Christy Henderson, a resident of Montgomery County, Ohio. She and Respondent both have rooms they rent in the same house. Petitioner states when she walks by Petitioner's room, he is "pleasuring himself" on the bed and his room has an odor. She also claims he "plays his porn really loud" and it is "just disgusting."

> Respondent denies Petitioner's allegations. Petitioner has been taking advantage, financially, of Respondent for some time. He recently gave her $8 and has asked her to pay him back on two occasions and after the second time, she filed this petition. Respondent claims Petitioner "offered herself" to him for $300.

The magistrate concluded that there was "insufficient evidence to conclude by a preponderance of the evidence that Respondent committed a sexually oriented offense. The evidence is equally balanced as to whether events occurred as Petitioner describes."

{¶ 4} The same day, the trial court adopted the magistrate's decision and denied Henderson's petition. Henderson did not file objections to the trial court's adoption of the magistrate's ruling. Instead, she promptly appealed the trial court's judgment

{¶ 5} Henderson does not state any assignments of error on appeal, but we infer that she is challenging the trial court's denial of her petition for a civil protection order. She claims that Fowler lied to the trial court when he said that he would be moving several blocks away from her. Henderson states that Fowler moved away for only one week before returning to the residence next door to her. Henderson indicated her belief that Fowler continues to enter her home without permission when she is not there.

{¶ 6} In response, Fowler states that he has spoken with Henderson in an attempt to recoup $8.00 that he loaned to her and that Henderson is making false accusations against him in an effort to have his probation revoked.

{¶ 7} "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "[T]he magistrate's grant or denial of a protection order after a full hearing is not effective until adopted by the court." *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 7, citing Civ.R. 65.1(F)(3)(c). A trial court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing becomes effective when it is signed

by the court and filed with the clerk. Civ.R. 65.1(F)(3)(c)(v).

{¶ 8} Pursuant to Civ.R. 65.1(G), a trial court's decision to adopt a magistrate's decision that grants or denies a protection order is a final, appealable order. However, as of July 1, 2016, the rule requires a party to file timely objections to the trial court's order prior to filing an appeal. *See* Civ.R. 65.1(G). Written objections must be filed within 14 days of the filing of the trial court's order. Civ.R. 65.1(F)(3)(d)(i).

{¶ 9} This court has not found the failure to file objections to be jurisdictional, but a party nevertheless may not challenge the protection order on appeal if objections were not filed. *Florenz v. Omalley*, 2020-Ohio-4487, __ N.E.3d __, ¶ 10 (2d Dist.) (discussing the split in authority among Ohio appellate districts as to whether dismissal is required when a party failed to file objections). In this case, Henderson did not file objections to the trial court's adoption of the magistrate's decision denying the civil protection order. In the absence of timely objections, Henderson may not challenge the trial court's decision on appeal.

{¶ 10} In *Florenz*, which involved a domestic violence civil protection order, we expressed concern about the trial court's form language in its protection order regarding Civ.R. 65.1. Specifically, the order in *Florenz* stated that the magistrate's order was not governed by Civ.R. 53(D), timely objections did not stay the execution of the order, objections had to conform to Civ.R. 65.1(F)(3)(d), the trial court's adoption of the magistrate's order was not effective until signed by the court and filed with the clerk, and "[n]otwithstanding the provisions of any other rule, an order entered by this court under Civ.R. 65.1(F)(3)(c) is a final appealable order that can be appealed upon issuance of the order." We were troubled by the trial court's failure to include the last sentence of Civ.R.

65.1(G) that objections nevertheless were required, and noted that the absence of that sentence implied, incorrectly, that objections were optional. We concluded: "While the magistrate was not required by rule to inform the parties about the need to object, the decision to provide some information about Civ.R. 65.1 to the parties triggered an obligation to provide complete and accurate information." *Florenz* at ¶ 14.

{¶ 11} In this case, the trial court's judgment stated, "THIS IS A FINAL APPEALABLE ORDER, AND THERE IS NOT JUST REASON FOR DELAY FOR PURPOSES OF CIV.R.54 PURSUANT TO APP.R.4. THE PARTIES SHALL FILE A NOTICE OF APPEAL WITHIN THIRTY (30) DAYS." (Capitalization sic.) While neither the magistrate nor the trial court was required to inform the parties of the need to file objections, we again caution that the judgment should not imply that objections are unnecessary or optional.

{¶ 12} Even if we were to consider Henderson's arguments on appeal in light of the above language in the judgment, we would nevertheless find no basis to reverse the trial court's judgment. Henderson failed to provide a transcript of the full hearing before the magistrate, as required by Civ.R. 65.1(F)(3)(d)(iv). In the absence of a written transcript of the hearing, we have no record of the evidence presented to the magistrate, and we cannot speculate what testimony was given at that hearing. *Williams v. Foster*, 2d Dist. Montgomery No. 28416, 2019-Ohio-4601, ¶ 10, citing *Miller v. Tye*, 2d Dist. Montgomery No. 26277, 2015-Ohio-199, ¶ 90. Rather, we must presume that the evidence supported the magistrate's findings. *See Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 34.

{¶ 13} Given the record before us, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.


Copies sent to:

Christy Henderson
Jeffery Fowler
Hon. Gregory F. Singer