[Cite as *Casto v. Lehr*, 2020-Ohio-3777.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DEBRA A. CASTO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Petitioner-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2020 AP 02 0002 |
| | : | |
| MICHAEL P. LEHR | : | |
| | : | |
| | : | |
| Respondent-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Tuscarawas County
                                 Court of Common Pleas, Case No. 2019
                                 VI 11 0457


JUDGMENT:                        DISMISSED


DATE OF JUDGMENT ENTRY:          July 17, 2020


APPEARANCES:

For Petitioner-Appellee:                 For Respondent-Appellant:

MICHAEL C. JOHNSON                       RONALD L. COLLINS
117 South Broadway                       9302 Lakewood Dr. NE
P.O. Box 1007                            Mineral City, OH 44656
New Philadelphia, OH 44663

*Delaney, J.*

{¶1} Respondent-Appellant Michael P. Lehr appeals the January 17, 2020 Domestic Violence Civil Protection Order granted by the Tuscarawas County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On November 13, 2019 at 1:43 a.m., officers with the Dover Police Department responded to a 911 call made by Respondent-Appellant Michael P. Lehr. Lehr stated that his girlfriend, Petitioner-Appellee Debra A. Casto, had stabbed him with a needle and had attempted to stab him with a butcher's knife.

{¶3} When the officers arrived at Lehr's home, they found Lehr laying on the ground in front of the house, hysterically crying. It was 14 degrees outside and Lehr was only wearing a pair of shorts. The officers put Lehr in the police car and called an ambulance to transport him to the hospital. Lehr told the officers that Castro had previously threatened to kill him with his insulin. The officers entered the home to find the perpetrator and discovered Casto asleep in an attic bedroom. The officers woke her up and explained why they were in the home. Casto denied harming or attempting to harm Lehr.

{¶4} After finding Casto, the officers investigated the rest of the home. Casto's bedroom was in the attic and Lehr's bedroom was on the second floor. In Lehr's bedroom, the officers discovered a large butcher's knife plunged sideways about three or four inches into the mattress pad of the bed. The officers observed the room did not appear to be disturbed or showed evidence that a confrontation had recently taken place. The officers did not see a syringe in the bedroom.

{¶5} The officers spoke with other members of the family who were sleeping in adjoining bedrooms at the time of the alleged incident and they did not hear any disturbances. The officers interviewed Lehr at the hospital where he said he followed his usual nightly routine and was afraid Casto would give him an insulin overdose.

{¶6} Based on the investigation, the Dover Police Department charged Lehr with falsification and disorderly conduct.

{¶7} On November 14, 2019, Casto filed a petition for a domestic violence civil protection order ("DVCPO") with the Tuscarawas County Court of Common Pleas. In her petition, Casto stated that she ended her romantic relationship with Lehr in August 2019, but they continued to reside together in the home they jointly-owned. She alleged during the relationship Lehr was verbally abusive. During arguments he would poke her in the chest. She found photographs in the home where Lehr had cut himself out of the photograph. After the alleged stabbing incident, Casto was afraid for her safety. The ex parte DVCPO was granted on November 14, 2019.

{¶8} After multiple continuances, the full hearing was held before the magistrate on January 14, 2020. The Dover Police Department officers present at the November 13, 2019 incident testified at the hearing. Casto testified she ended the relationship in August 2019 but Lehr wanted to reconcile. He told people that he and Lehr were married, which was not true. In November 2019, Casto said that Lehr came to her place of employment to deliver a package to her. He confronted her about their relationship, raising his voice which caused her to be afraid for her safety. Casto filed the DVCPO because she was afraid of him after the November 13, 2019 incident. She stated that if he could stab a bed

and accuse her of stabbing him, she did not know what else he could do. She was afraid of his negative behaviors escalating.

{¶9} Lehr testified at the hearing that on November 13, 2019, he was sleeping in bed with his dog and he woke up to the feeling of a sharp pain in his right side. He rolled over and saw Casto standing over him with a knife in her hand. Lehr rolled off the side of the bed and he heard Casto walk upstairs to the attic. He called 911 and ran out of the house because he thought Casto would come back with a gun. Lehr denied ever being violent towards Casto.

{¶10} On January 17, 2020, the order of protection was filed, granting a three-year DVCPO against Lehr. The order of protection was signed by the magistrate. The trial court also signed the order of protection, stating it had reviewed the order and found no error of law or defect evident on the face of the order, thereby adopting the order.

{¶11} Lehr did not file objections to the trial court's adoption of the magistrate's decision granting the DVCPO pursuant to Civ.R. 65.1(G). Lehr filed a notice of appeal on February 4, 2020.

### ASSIGNMENTS OF ERROR

{¶12} Lehr raises three Assignments of Error:

{¶13} "I. NEITHER THE PETITION, AS REQUIRED BY SECTION 3113.31(C)(1) NOR THE EVIDENCE AT TRIAL, ALLEGED NOR PROVED THAT THE RESPONDENT ENGAGED IN DOMESTIC VIOLENCE AND THUS LACKED GROUNDS FOR THE ISSUANCE OF A CIVIL PROTECTION ORDER.

{¶14} "II. THE RULING OF THE COURT ISSUING A CIVIL PROTECTION ORDER IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶15} "III. THE COURT ERRED IN ADMITTING HEARSAY AND OPINION EVIDENCE."

**ANALYSIS**

{¶16} Before we address Lehr's three Assignments of Error, we must consider whether this matter is properly before the Court.

{¶17} The trial court granted Casto a DVCPO pursuant to R.C. 3113.31. The rules governing civil protection orders are set forth in Civ.R. 65.1. According to Civ.R. 65.1(F)(3), civil protection order petitions may be referred to a magistrate for determination, but "[a] magistrate's denial or granting of a protection order after a full hearing * * * does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Civ.R. 65.1(F)(3)(b). A magistrate's denial or granting of a protection order after a full hearing is not effective unless adopted by the court. Civ.R. 65.1(F)(3)(c).

{¶18} "A party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). Objections based on evidence of record must be supported by a transcript or, if a transcript is not available, an affidavit of that evidence. Civ.R. 65.1(F)(3)(d)(iii). An order entered by the court under Civ.R. 65.1(F)(3)(c) or (e) is a final, appealable order. Civ.R. 65.1(G). Pursuant to a July 1, 2016 amendment to Civ.R. 65.1, however, "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections."

(Emphasis added.) Civ.R. 65.1(G). The amendment was specifically made "to require that a party must file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." *C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488, 2019 WL 549166, ¶ 5 citing Civ.R. 65.1, Division (G) notes. As the 2016 Staff Note explains: "[t]his amendment is grounded on two key principles. First, it promotes the fair administration of justice, including affording the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion that would render the order or a term of the order unjust. Second, it creates a more robust record upon which the appeal may proceed." *Post v. Leopardi*, 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890, 2020 WL 2313436, ¶ 13.

{¶19} This Court has previously relied on the authority of the Second, Third, Sixth, Seventh, Ninth, and Tenth appellate districts whom have addressed Civ.R. 65.1(G) and the failure to file timely objections prior to filing an appeal. *See M.K. v. A.C.K.*, 5th Dist. Fairfield No. 2019 CA 00023, 2020-Ohio-400, 2020 WL 603607. Our colleagues have held the requirements of Civ.R. 65.1(G) are mandatory and a party's failure to file timely objections to a trial court's adoption of a magistrate's decision granting or denying a civil protection order prior to filing an appeal is a violation of Civ.R. 65.1(G) and as such, the appeal of the civil protection order must be dismissed. *See K.R. v. T.B.*, 10th Dist. Franklin No. 17AP–302, 2017–Ohio–8647, ¶ 4–6 (dismissing appeal pursuant to Civ.R. 65.1(G)); *C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488 (dismissing appeal pursuant to Civ.R. 65.1(G)); *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017–Ohio–7507, ¶ 17–22 (dismissing appeal when written objections not timely filed); *K.U. v.*

*M.S.*, 7th Dist. Mahoning No. 16 MA 0165, 2017–Ohio–8029, ¶ 17–18 (stating that without objections filed appellate court has no jurisdiction); *A.S. v. D.S.*, 9th Dist. Medina No. 16CA0080–M, 2017–Ohio–7782, ¶ 5–6 (dismissing appeal without addressing merits pursuant to Civ.R. 65.1(G)); *Hetrick v. Lockwood*, 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118, 2018 WL 388965, ¶ 8 (dismissing appeal when appellant failed to file timely objections to trial court's adoption of magistrate's granting of CSPO after full hearing); *Danison v. Blinco*, 3rd Dist. Crawford, No. 3-18-19, 2019-Ohio-2767, ¶ 8 (failure to file objections to trial court's adoption of magistrate's decision failed to preserve appellant's arguments for appeal); *See also Frith v. Frith*, 9th Dist. Summit No. 28361, 2017–Ohio–7848, ¶ 4–6 (dismissing due to trial court not ruling on appellant's timely filed objections prior to the appeal as required under Civ.R. 65.1(G)); *Runkle v. Stewart*, 2nd Dist. Miami No. 2018-CA-27, 2019-Ohio-2356, ¶ 11 (affirmed judgment of trial court after appellant failed to file timely objections to trial court's adoption of magistrate's decision denying DVCPO after full hearing). *But see Saqr v. Naji*, 1st Dist. Hamilton No. C–160850, 2017–Ohio–8142, ¶ 14–19 (allowing appeal despite no objections filed because no notice that objections must be filed was provided).

{¶20} Here, the record shows that Lehr failed to file timely objections to the trial court's adoption of the magistrate's decision granting the DVCPO.

{¶21} We hold that without timely filed objections under Civ.R. 65.1(G), Lehr may not challenge the trial court's decision on appeal. Accordingly, we decline to address the merits and the appeal is dismissed pursuant to Civ.R. 65.1(G).

## CONCLUSION

{¶22} The appeal of the January 17, 2020 DVCPO issued by the Tuscarawas County Court of Common Pleas is dismissed.

By:  Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.