[Cite as *Daniels v Daniels*, 2021-Ohio-2076.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| JULIA DANIELS, | : | |
| | : | |
| Petitioner-Appellee, | : | Case No. 20CA3910 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| JEFFERSON DANIELS, | : | <u>ENTRY</u> |
| | : | |
| Respondent-Appellant. | : | |

_____

<u>APPEARANCES:</u>

Matthew F. Loesch, Portsmouth, Ohio, for Appellant.

Julia Daniels, Portsmouth, Ohio, Appellee Pro Se.[1]

_____

Smith, P.J.

{¶1} Jefferson Daniels appeals the February 28, 2020 domestic violence civil protection order issued by the Scioto County Common Pleas Court-Domestic Relations Division. Mr. Daniels, "Appellant," contends that the trial court's decision to enter the five-year civil protection order is against the manifest weight of the evidence due to a lack of credible witnesses and documentary evidence. However, upon review we find the

---

[1] Appellee has not filed a responsive pleading or otherwise participated in this appeal.

appeal must be dismissed due to Appellant's failure to file written objections to the magistrate's decision, a mandatory requirement of Civ.R. 65.1 (G).

FACTS

{¶2} On February 19, 2020, Julia Daniels, "Appellee," filed a petition of domestic violence against Respondent/Appellant. At that time, the parties were in the process of divorce and had been separated since October 2019. Appellee's petition contained allegations such as "50 and 60 threatening calls and texts per day to me"; "trying to force his way into my home"; "still demanding sexual relations as marital rights"; "follows me all the time to see if I'm having an affair"; and "leaving threatening notes on doors to keep me upset."

{¶3} Appellee requested the court grant an order to protect her and other family members named in the petition. The other individuals listed in the petition were Appellee's brother, Appellee's handicapped sister, and Appellee's two adult sons. Appellee was granted an ex parte order the same day.

{¶4} Appellant was personally served a summons, notice of hearing on February 28, 2020, order and certified copy of the petition, and the ex parte order. The parties appeared on February 28th and the full hearing took

place. The only witnesses were Appellant and Appellee, both unrepresented by counsel.

{¶5} The substance of Appellee's testimony only slightly amplified the allegations in her petition. When Appellant testified, he denied texting Appellee 50-60 times a day. He denied threatening her or her family. Appellant claimed he did not recall forcing his way in her home and breaking a screen door. He indicated the marital separation had "snowballed into something else." Appellant concluded by testifying that "I don't think I deserve this because I've never had any violent contact with anybody really."

{¶6} At the conclusion of the hearing, the magistrate found:

> Alright, based on the testimony that's been presented, I'm gonna find that the Court does have jurisdiction and I'm going to order that you are restrained from committing acts of abuse over the threats against the Petitioner, her. ***Then the Court further finds by a preponderance of the evidence that the Petitioner and the Petitioner's family members are in danger of or have been a victim of domestic violence committed by the Respondent and the following orders are equitable, fair and necessary to protect them from future domestic violence.

{¶7} The magistrate's order was reviewed and adopted by the trial

Court, and the Appellant was issued a full five-year order of protection that same day. Appellant did not file written objections pursuant to Civ.R. 65.1(G). This timely appeal followed.

## ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT'S DECISION TO ENTER
        A FIVE-YEAR CIVIL PROTECTION ORDER
        AGAINST APPELLANT WAS AGAINST THE
        MANIFEST WEIGHT OF THE EVIDENCE."

{¶8} Appellant argues the trial court's decision was against the manifest weight of the evidence for several reasons. First, Appellant asserts there was scant testimony from Appellee. Appellant also contends there was no corroborative evidence, such as additional witnesses on Appellee's behalf or exhibits. Finally, Appellant points out the trial court did not make explicit determinations of credibility of the only witnesses, Appellant and Appellee. For the reasons which follow, however, we decline to consider the merits of this case and must dismiss the appeal.

## LEGAL ANALYSIS

{¶9} Appellant's appeal raises a jurisdictional question this court has not previously addressed. The trial court granted Appellant a domestic violence civil protection order (DVCPO) pursuant to R.C. 3113.31. The rules governing civil protection orders are set forth in Civ.R. 65.1. *See*

*Casto v. Lehr,* 5th Dist. Tuscarawas No. 2020AP0002, 2020-Ohio-3777, at ¶ 17.

{¶10} According to Civ.R. 65.1(F)(3), civil protection order petitions may be referred to a magistrate for determination, but "[a] magistrate's denial or granting of a protection order after a full hearing * * * does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Civ.R. 65.1(F)(3)(b). *Casto, supra.* A magistrate's denial or granting of a protection order after a full hearing is not effective unless adopted by the court. Civ.R. 65.1(F)(3)(c). *Casto, supra.* "A party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). Objections based on evidence of record must be supported by a transcript or, if a transcript is not available, an affidavit of that evidence. Civ.R. 65.1(F)(3)(d)(iii). An order entered by the court under Civ.R. 65.1(F)(3)(c) or (e) is a final, appealable order. Civ.R. 65.1(G).

{¶11} The *Casto* court explained:

> Pursuant to a July 1, 2016 amendment to Civ.R. 65.1, however, "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall

stay the running of the time for appeal until the filing of the court's ruling on the objections."  Civ.R. 65.1(G). The amendment was specifically made "to require that a party must file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." *C.F. v. T.H.R.,* 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488, at ¶ 5 citing Civ.R. 65.1, Division (G) notes.  As the 2016 Staff Note explains:  "[t]his amendment is grounded on two key principles.  First, it promotes the fair administration of justice, including affording the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion that would render the order or a term of the order unjust. Second, it creates a more robust record upon which the appeal may proceed." *Post v. Leopardi,* 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890, at ¶ 13.

{¶12} The *Casto* court also pointed out its reliance on the authority of the Second, Third, Sixth, Seventh, Ninth, and Tenth appellate districts whom have addressed Civ.R. 65.1(G) and the failure to file timely objections prior to filing an appeal.  *Casto, supra,* at ¶ 19.  *See also M.K. v. A.C.K.,* 5th Dist. Fairfield No. 2019 CA 00023, 2020-Ohio-400.  These courts have held the requirements of Civ.R. 65.1(G) are mandatory and a party's failure to file timely objections to a trial court's adoption of a magistrate's decision granting or denying a civil protection order prior to filing an appeal is a violation of Civ.R. 65.1(G) and as such, the appeal of the civil protection order must be dismissed.  *Casto, supra.  See C.F. v. T.H.R.,* 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488 (dismissing appeal pursuant to

Civ.R. 65.1(G)); *K.U. v. M.S.,* 7th Dist. Mahoning No. 16 MA 0165, 2017-Ohio-8029, ¶ 17-18 (stating that without objections filed appellate court has no jurisdiction); *A.S. v. D.S.,* 9th Dist. Medina No. 16CA0080-M, 2017-Ohio-7782, ¶ 5-6 (dismissing appeal without addressing merits pursuant to Civ.R. 65.1(G)); *Hetrick v. Lockwood,* 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118, ¶ 8 (dismissing appeal when appellant failed to file timely objections to trial court's adoption of magistrate's granting of CSPO after full hearing); *Danison v. Blinco,* 3rd Dist. Crawford, No. 3-18-19, 2019-Ohio-2767, ¶ 8 (failure to file objections to trial court's adoption of magistrate's decision failed to preserve appellant's arguments for appeal). *See also*, *Post, supra,* 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890, ¶ 25 (dismissing appeal when appellant failed to file timely objections pursuant to Civ.R. 65.1(G)). *But see Saqr v. Najr,* 1st Dist. No. 201-7-Ohio-8142, at ¶¶ 18-19, (where Civil Rule 65.1 was amended during pendency of case, Appellant did not file objections to magistrate's denial of motion to terminate CPO, and the form used to issue the decision on appellant's motion contained no notice that objections must be filed, appellant was allowed to raise arguments for first time on appeal).

{¶13} In this case, Appellant did not file objections. We find the reasoning expressed by our colleagues in the Second, Third, Fifth, Sixth,

Seventh, Tenth, and Eleventh districts to be persuasive.  We also find that the language of Civ.R. 65.1(G) is mandatory and that a party's failure to timely file objections to the granting or dismissing of a civil protection order, prior to filing an appeal is a violation of Civ.R.65.1(G) and therefore the appeal must be dismissed. Consequently, Appellant's appeal herein must also be dismissed.

{¶14} However, we are troubled by the language printed on the DVCPO form which Appellant was served after the full hearing.  In this case, Appellant's protection order is contained on Form 10:01 9: Domestic Violence Civil Protection Order (CPO) full hearing, Amended:  March 1, 2014.  Appellant's appeal rights are set forth in pertinent part as follows:

### NOTICE OF FINAL APPEALABLE ORDER

Copies of this Order, which is a final appealable order,
were served on the parties indicated pursuant to Civ.R.
65.1 (C)(3) * * *.

{¶15} The Second District considered a similar issue with regard to the standard language printed on a DVCPO form in *Florenz v. Omalley,* 2020-Ohio-4487, 158 N.E.3d 1009 (2d Dist.).  In *Omalley,* the DVCPO highlighted portions of Civ.R. 65.1.  It stated that the magistrate's order was not governed by Civ.R. 53(D), timely objections did not stay the execution of the order, objections had to conform to Civ.R. 65.1(F)(3)(d), the trial

court's adoption of the magistrate's order was not effective until signed by the court and filed with the clerk, and "[n]otwithstanding the provisions of any other rule, an order entered by this court under Civ.R. 65.1(F)(3)(c) is a final appealable order that can be appealed upon issuance of the order." *Id.* at ¶ 13. The *Omalley* court concluded that the notification regarding Civ.R. 65.1 suggested that objections were optional and that the order could be appealed immediately without filing objections. Specifically, the inclusion of the language from Civ.R. 65.1(G) indicating that the order could be immediately appealed was misleading in the absence of additional information that timely objections were required prior to filing an appeal. While the magistrate was not required by rule to inform the parties about the need to object, the decision to provide some information about Civ.R. 65.1 to the parties triggered an obligation to provide complete and accurate information. *Omalley, supra,* at ¶ 14. We agree.

{¶16} The above-referenced language in the DVCPO provided to Appellant, which refers to Civ.R. 65.1(C)(3), is the *only* direction Appellant would have had to guide him to the other requirements of the full rule, most importantly, Civ.R. 65.1(G). We express the same concerns regarding notification as the Second District did in *Omalley* and *Steele v. Steele*, 2d Dist. Champaign No. 2020-CA3, 2021-Ohio-148, at ¶ 7:

It is clear that, in the absence of objections, Mr. Steele may not challenge the trial court's decision on appeal. * * * We caution that a trial court's judgment granting or denying a civil protection order should not imply that objections are unnecessary or optional. The final sentence of Civ.R. 65.1(G) provides: 'a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.' We are concerned that the court partially advised the parties that the protection order was final and appealable, but failed to fully advise them that objections are nevertheless required. As we noted in [*OMalley*], the court is obligated to provide complete and accurate information.

*See also*, *Danison, supra,* at fn1.

{¶17} It is clear and unfortunate that Appellant received incomplete information on February 28, 2020. However, it is also well-established that pro se litigants are held to the same rules, procedures, and standards as litigants who are represented by counsel. *See O'Rourke v. O'Rourke,* 4th Dist. Scioto No. 08CA3253, 2010-Ohio-1243, at ¶ 26, (Internal citations omitted). Litigants who choose to proceed pro se are presumed to know the law and correct procedure and are held to the same standards as other litigants. *See Capital One Bank, v. Rodgers,* 5th Dist. Muskingum No. CT2009-0049, 2010-Ohio-4421, ¶ 31. *See also Tilbrook v. Francis,* 12th Dist. Warren No. CA2017-06-091, 2018-Ohio-4064, at ¶ 26 (Though

incarcerated and proceeding pro se, appellant was still bound by the

requirement of Civ.R. 65.1 in objecting to order issuing DVCPO).[2]

{¶18} Based on the foregoing, we decline to consider the merits of

Appellant's argument and find that the appeal must be dismissed.

APPEAL DISMISSED.

---

[2] Appellant represented himself at the full hearing.  The record indicates he obtained legal representation on or about March 25, 2020 when counsel filed the notice of appeal.

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J. concur in Judgment and Opinion.

          For the Court,


          _____
          Jason P. Smith
          Presiding Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**