[Cite as *Hill v. Ferguson*, 2022-Ohio-13.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| MARLON HILL, SR., | : | APPEAL NO. C-210278 |
| | | TRIAL NO. DV-2100121 |
| Petitioner-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| TIESHIA FERGUSON, | : | |
| Respondent-Appellant. | : | |


Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  January 5, 2022


*Jeffrey J. Cutcher,* for Petitioner-Appellee,

*Tibbs Law Office, LLC,* and *Sierra D. Causey,* for Respondent-Appellant.

**Bock, Judge.**

{¶1} Respondent-appellant Tieshia Ferguson appeals from the trial court's adoption of a one-year domestic-violence-civil-protection order ("DVCPO"). Ferguson failed to file written objections to the trial court's adoption of the DVCPO as required by Civ.R. 65.1(G). As a result of Ferguson's noncompliance with Civ.R. 65.1(G), we affirm the DVCPO.

## I.      Facts and Procedure

{¶2} Ferguson is the mother of five-year-old T.F. Petitioner-appellee Marlon Hill, Sr., is T.F.'s father and has full custody of T.F. Hill and Ferguson shared parenting time under a Hamilton County Juvenile Court order.

{¶3} After T.F. told Hill, his stepmother, Cincinnati Children's Hospital staff, and a social worker that Ferguson hit him in the face with a red toy bat, Hill petitioned the Hamilton County Domestic Relations Court for a DVCPO against Ferguson under R.C. 3113.31. Following an ex parte hearing, the magistrate issued a temporary protection order against Ferguson under R.C. 3113.31(D)(1) and scheduled a full hearing. At the hearing, both Hill and Ferguson were represented by counsel and both presented evidence.

{¶4} The magistrate issued a one-year DVCPO against Ferguson. The DVCPO prohibited Ferguson from contacting T.F. The trial court adopted the magistrate's decision under Civ.R. 65.1(F)(3)(c)(iii).

{¶5} Fourteen days later, Ferguson filed a "Motion to Set Aside Magistrate's Decision." In her motion, Ferguson asked the trial court to set aside the DVCPO issued by the magistrate and argued that "[t]he facts and circumstances of this case do not support the finding of granting a final protection order."

2

{¶6}   While that motion was pending, Ferguson filed a notice of appeal from the trial court's adoption of the DVCPO.

## II.   Law and Analysis

{¶7}   In her three assignments of error, Ferguson challenges the jurisdiction of the domestic relations court, the scope of the DVCPO, and the issuance of DVCPO as against the manifest weight of the evidence. In response, Hill argues that Ferguson failed to object to the DVCPO as required by Civ.R. 65.1(G). According to Hill, failing to follow Civ.R. 65.1(G) requires dismissal.

{¶8}   Civ.R. 65.1 governs the procedural mechanisms for civil protection orders, including DVCPOs under R.C. 3113.31. Civ.R. 65.1(A).  Under Civ.R. 65.1(G), a trial court's denial or adoption of a magistrate's decision to issue a civil protection order is a "final, appealable order." The 2016 amendment to Civ.R.65.1(G) created an additional procedural requirement before filing an appeal. Before filing a notice of appeal, "a party must timely file objections to such an order." Civ.R. 65.1(G). The objections must be in writing and challenge "a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing." Civ.R. 65.1(F)(3)(d)(i).

{¶9}   Ferguson failed to comply with Civ.R. 65.1(G). Thus, the issue is the effect of that failure. Ohio's appellate districts are split over the effect of a party's noncompliance with Civ.R. 65.1(G). *See Florenz v. Omalley*, 2d Dist. Montgomery No. 28780, 2020-Ohio-4487, ¶ 9-10.

{¶10}  The majority of Ohio appellate districts treat objections under Civ.R. 65.1(G) as a jurisdictional requirement. *See Florenz* at ¶ 9; *Daniels v. Daniels,* 4th Dist. Scioto No. 20CA3910, 2021-Ohio-2076, ¶ 18; *K.U. v. M.S.,* 7th Dist. Mahoning No. 16 MA 0165, 2017-Ohio-8029, ¶ 18. In contrast, the Second and Third Districts

consider Civ.R. 65.1(G)'s objection requirements as a nonjurisdictional rule. *Florenz* at ¶ 10; *see Danison v. Blinco*, 3d Dist. Crawford No. 3-18-19, 2019-Ohio-2767, ¶ 7-8.

{¶11} R.C. 2505.02 gives this court jurisdiction to review, affirm, modify, or reverse final orders. Because a trial court's denial or adoption of a magistrate's decision to issue a civil protection order is a "final, appealable order" under Civ.R. 65.1(G), once the trial court adopts or denies that decision, this court has jurisdiction to review, affirm, modify, or reverse that order. Accordingly, we hold that the objection requirement stated in Civ.R. 65.1(G) is a nonjurisdictional requirement.

{¶12} Although we have jurisdiction over this case, Ferguson's failure to object as required by Civ.R. 65.1(G) waived any argument challenging the trial court's adoption of the magistrate's DVCPO. *See Danison* at ¶ 8. This is consistent with the principle that the fair administration of justice requires an appealing party to afford the trial court an opportunity to review and address any issue that would render the order unjust. 2016 Staff Note, Civ.R. 65.1(G).

{¶13} As a result of Ferguson's noncompliance with Civ.R. 65.1(G), she cannot challenge the trial court's decision to adopt the DVCPO. We decline to reach the merits of her arguments.

### III.   Conclusion

{¶14} Before filing a notice of appeal, Civ.R. 65(G)(1) requires a party challenging the trial court's denial or acceptance of a civil protection order to file objections to that denial or acceptance. Ferguson failed to file those objections and therefore cannot challenge the trial court's judgment. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion