[Cite as *Groeschen v. Johns*, 2022-Ohio-359.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| AMANDA GROESCHEN, | : | APPEAL NO. C-210306 |
| | | TRIAL NO. SK-200634 |
| Petitioner-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| JEFF JOHNS, | : | |
| Respondent-Appellant. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 9, 2022


*Blake P. Somers LLC* and *Jordan M. Feldkamp* for Petitioner-Appellee,

*Jeff Johns,* pro se.

**CROUSE, Judge.**

{¶1} In two assignments of error, respondent-appellant Jeff Johns appeals the judgment of the Hamilton County Court of Common Pleas granting petitioner-appellee a civil stalking protection order ("CSPO") against him. In his first assignment of error, Johns argues that the trial court erred in granting the CSPO "based upon its opinion that Mr. Johns' conduct constituted a pattern of conduct in which he knowingly caused Plaintiff-Appellee to believe they were in fear of physical harm and caused her mental distress." In his second assignment of error, Johns argues that "[t]he trial court committed a prejudicial error in granting Plaintiff-Appellee a civil protection order for an additional four years when Plaintiff-Appellee failed to show she was in continued fear of physical harm or faced mental distress." However, because Johns did not timely file objections to the court's adoption of the magistrate's decision to grant the CSPO, prior to filing an appeal, we hold that Johns waived his arguments, and we affirm the judgment of the trial court.

### *Factual and Procedural Background*

{¶2} Groeschen and Johns dated for several months, separating around March 2020. On July 9, 2020, Groeschen filed a petition for a CSPO against Johns. In it, Groeschen alleged that after their breakup, Johns caused her mental distress and made her fear for her safety because of his prolonged and increasingly alarming communication towards her. The magistrate granted an ex parte temporary CSPO on the same day.

{¶3} After several continuances, the magistrate held a full evidentiary hearing on April 15, 2021, and April 16, 2021. Following testimony from the parties and Johns's father, along with the introduction of voicemails, text messages, and

letters between the parties, the magistrate found by a preponderance of the evidence that, "Mr. Johns' conduct when taken as a whole caused Ms. Gro[e]schen mental distress in that she reasonably believed and believes that Mr. Johns will cause her physical harm." The CSPO states that it is effective until July 8, 2024.

{¶4}   On April 27, 2021, the trial judge approved and adopted the magistrate's order. On May 12, 2021, Johns filed this appeal.

### *Johns waived his arguments pursuant to Civ.R. 65.1(G)*

{¶5}   Pursuant to Civ.R. 65.1(G), a trial court's denial or adoption of a magistrate's decision to issue a civil protection order is a final appealable order. However, Civ.R. 65.1(G) also states that "a party must timely file objections to such an order under division (F)(3)(d) of [Civ.R. 65.1] prior to filing an appeal." "The objections must be in writing and challenge 'a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing.' " *Hill v. Ferguson*, 1st Dist. Hamilton No. C-210278, 2022-Ohio-13, ¶ 8, quoting Civ.R. 65.1(F)(3)(d)(i).

{¶6}   Recently in *Hill*, we held that a party who fails to file objections waives any arguments challenging the trial court's adoption of the magistrate's civil protection order. *Id.* at ¶ 12.

{¶7}   While the CSPO did not advise the parties of the Civ.R. 65.1 obligation to file objections prior to appeal, the magistrate advised the parties at the hearing, both of whom were represented by counsel at the time, that, "[a]ny objection * * * needs to filed in the appropriate time period." However, the magistrate was not

required by rule to inform the parties about the need to object.[1] *See Daniels v. Daniels,* 4th Dist. Scioto No. 20CA3910, 2021-Ohio-2076, ¶ 15; *Florenz v. Omalley,* 2d Dist. Montgomery No. 28780, 2020-Ohio-4487, ¶ 14.

{¶8} Johns did not file objections pursuant to Civ.R. 65.1. Pursuant to *Hill,* he cannot challenge the trial court's decision to adopt the CSPO in this appeal. We affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

---

[1] Despite the fact that Civ.R. 65.1 does not require that the parties be warned about the consequences of their failure to object, and does not require the judgment entry to include language warning the parties of the consequences of their failure to object, we note that the common pleas court may want to consider amending its civil-protection-order forms to contain such an advisement. Like the case of *Danison v. Blinco,* 3d Dist. Crawford No. 3-18-19, 2019-Ohio-2767, the trial court in this case used Sup.R. Form 10.03-F, amended on March 1, 2014, for its judgment entry. Civ.R. 65.1(G) was amended in 2016 to include the additional procedural requirement of filing objections. *See Hill,* 1st Dist. Hamilton No. C-210278, 2022-Ohio-13, at ¶ 8. Form 10.03-F was amended on April 15, 2021 (the date of the hearing in this case), but the new form does not mention Civ.R. 65.1(G)'s objection requirement. We understand that the trial court was simply using the form approved by the Supreme Court. However, we, like the *Danison* court, are concerned that the form does "not include a conspicuous warning of the consequences of failure to object to an order entered under Civ.R. 65.1(F)(3)(c) or Civ.R. 65.1(F)(3)(e) within fourteen days." *See Danison* at ¶ 9, fn.1. The court noted:

> We acknowledge that Civ.R. 65.1(F)(3)(b) expressly states that "a magistrate's denial or granting of a protection order after full hearing under this division does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Thus, Civ.R. 53(D)(3)(a)(iii), which provides that "[a] magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party timely and specifically objects to that factual finding or legal conclusion," does not apply to the case at hand, which was an order entered under Civ.R. 65.1(F)(3)(c). While we will follow Civ.R. 65.1(F)(3)(b), we nevertheless find it troublingly inconsistent that the trial court is required to give the parties a conspicuous warning of the consequences of failure to object to orders entered under Civ.R. 53(D)(2) or (3), but not under Civ.R. 65.1(F)(3)(c) or Civ.R. 65.1(F)(3)(e), particularly due to the weighty consequences to the parties, who often proceed pro se, of a decision issued under Civ.R. 65.1(F)(3)(c) or Civ.R. 65.1(F)(3)(e).

*Id.*